UNITED STATES of America,
Plaintiff–Appellee,

v.

Ralph Stuart GRANDERSON,
Jr., Defendant–Appellant.

No. 91–8728.

United States Court of Appeals,
Eleventh Circuit.

Aug. 4, 1992.

Gregory S. Smith, Federal Defender Program, Inc., Atlanta, Ga., for defendant-appellant.

Janet King, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Appeal from the United States District Court for the Northern District of Georgia.

Before KRAVITCH, Circuit Judge, CLARK*, Senior Circuit Judge, and PITTMAN**, Senior District Judge.

KRAVITCH, Circuit Judge:

Defendant–Appellant Ralph Granderson appeals a district court order revoking his probation due to possession of a controlled substance and sentencing him to twenty months incarceration. For the reasons discussed below, we vacate the sentence and order the appellant released from custody.

## I. FACTS

Ralph Granderson was charged by information in federal district court with one count of delay or destruction of mail under 18 U.S.C. § 1703(a), which carries a possible term of zero to six months incarceration under the Sentencing Guidelines. See U.S.S.G. § 2B1.3. He pled guilty on March 18, 1991, and received a term of five years probation, which included a standard provision for urinary testing for use of alcohol and drugs.

Granderson's probation officer filed an application for revocation of probation on June 28, 1991, informing the court that the appellant's urine sample had tested positive for cocaine. The district court held a hearing on the application and determined that there was a violation of the conditions of probation.

Under the Anti–Drug Abuse Act of 1988, if a probationer is found to be in possession of a controlled substance, "[n]otwithstanding any other provision of this section, ... the court *shall* revoke the sentence of probation and sentence the defendant to *not less than one-third of the original sentence.*" 18 U.S.C. § 3565(a) (1988) (emphasis added). The district court determined that Granderson's original sentence was a term of five years (sixty months) probation. The court calculated that one-third of that term was twenty months incarceration, which defendant was directed to serve, followed by a period of three years supervised release. Granderson has been incarcerated since August 26, 1991.

Defendant appealed, contending (1) that he did not "possess" drugs within the meaning of section 3565; and (2) that the district court erred in concluding that the "original sentence" to which section 3565 referred was five years, rather than zero to six months, the term of incarceration to which he could have been sentenced.[1]

## II. ANALYSIS

### A. *"Possession" of Drugs*

The defendant contends that his positive urinalysis demonstrates that he merely "used" drugs and was not in "possession" of cocaine within the meaning of section 3565. Granderson correctly notes that the Sentencing Guidelines leaves to the district court the determination of whether evidence of drug usage established solely by laboratory analysis constitutes "possession of a controlled substance" as set forth in the statutes. U.S.S.G. § 7B1.4, application note 5. The district court, however, reviewed the evidence, exercised its factfinding power and

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Virgil Pittman, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

1. At oral argument, appellant also contended that the district court erred in not considering

alternatives to incarceration, noting that section 3565 does not specify what form of punishment should replace the revoked probation. Granderson did not raise this issue to the district court, nor did he brief the question on appeal; therefore, it is not properly before this court.

determined that the defendant had possessed cocaine and thereby violated probation. A district court's findings of fact are binding on this court unless clearly erroneous. *United States v. Forbes*, 888 F.2d 752, 754 (11th Cir.1989). Appellant has given us no reason to question the validity of the court's finding; accordingly, we affirm the district court's revocation of probation for possession of a controlled substance.

### B. *The "Original Sentence"*

Section 3565 sets out the standards for revocation of probation. Prior to the 1988 amendments, if the district court determined that a defendant had violated the terms of his probation, the court had the discretion to:

(1) continue him on probation, with or without extending the term or modifying or enlarging the conditions; or

(2) revoke the sentence of probation and impose any other sentence that was available under subchapter A at the time of the initial sentencing.

18 U.S.C. § 3565(a) (1984). As noted above, the 1988 amendments to section 3565 make revocation of probation mandatory if a probationer possesses a controlled substance; the district court shall then impose a sentence of incarceration of not less than one-third of the original sentence.

The question presented is whether the term "one-third of the original sentence" in section 3565 refers to the term of probation or the term of incarceration to which the defendant could have been sentenced. The government contends that the district court correctly determined that the act refers to the term of probation, which is sixty months, and that the court was required to impose at least a twenty-month prison sentence. The defendant, on the other hand, points out that the crime for which he actually was sentenced carries a possible term of incarceration of only zero to six months and, therefore, he is subject to only a mandatory sentence of two to six months incarceration.

■ We review legal interpretations of sentencing provisions and the legality of a sentence *de novo*. *U.S. v. Scroggins*, 880 F.2d 1204, 1206 n. 5 (11th Cir.1989), *cert. denied*, 494 U.S. 1083, 110 S.Ct. 1816, 108 L.Ed.2d 946 (1990).

■ We must first look to the meaning of the term "sentence" as used by Congress in section 3565. Prior to the Sentencing Reform Act of 1984, probation was not considered a sentence. A court could either (1) suspend the imposition of sentence and place the defendant on probation, or (2) impose a prison sentence, suspend its execution and put the defendant on probation. *See* 18 U.S.C. § 3651 (1982) (repealed 1986). Under the Comprehensive Crime Control Act of 1984, however, probation is a type of sentence in and of itself. *See* 18 U.S.C. § 3561 (1985); *United States v. Smith*, 907 F.2d 133, 134 n. 1 (11th Cir.1990).

■ The meaning of the term "original sentence" as used in section 3565 is a question of first impression in this circuit. The circuits that have considered the issue have reached opposite conclusions. In *United States v. Corpuz*, 953 F.2d 526 (9th Cir. 1992), the appellant pled guilty to a charge of counterfeiting; under the Sentencing Guidelines, he faced incarceration for one to seven months, but the district court sentenced him to three years probation. One year later, Corpuz was found to have possessed methamphetamine and his probation was revoked. He was sentenced to one year incarceration. The Ninth Circuit upheld the sentence.

The Third Circuit reached the opposite conclusion in *United States v. Gordon*, 961 F.2d 426 (3rd Cir.1992), a case almost identical to the one before us. In *Gordon*, the defendant pled guilty to one count of interfering with the mails under 18 U.S.C. § 1703. She could have received a sentence of zero to four months imprisonment, but was sentenced to three years probation. Gordon tested positive for cocaine, had her probation revoked, and was sentenced to one year incarceration. The Third Circuit overturned the sentence, taking issue both with the Ninth Circuit's statutory interpretation and its attempts at "legal alchemy to transform three years probation into one year imprisonment un-

der the 1988 drug amendment." *Gordon*, 961 F.2d at 432. The *Gordon* court also disagreed with the concept of probation as a sentence unto itself. Although we agree with the general approach of the Third Circuit in *Gordon*, we also take the opportunity to relate where our analyses diverge.

The statute does not specify whether the term "original sentence" refers to the term of probation or to the range of incarceration established by the Guidelines. When interpreting ambiguous criminal statutes, the rule of lenity comes into play: We "will not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended." *Bifulco v. United States*, 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980). As we stated in *United States v. Winchester*, 916 F.2d 601, 607 (11th Cir.1990), the rule "rests on the fear that expansive judicial interpretations will create penalties not originally intended by the legislature" and is "an outgrowth of our reluctance to increase or multiply punishments absent a clear and definitive legislative directive" (citations omitted).

Granderson pled guilty to and was convicted of tampering with the mails, a crime that carries a maximum sentence of six months incarceration. He was never convicted of or even charged with possession of cocaine. The Government was free to indict him on drug charges but chose not to do so. Instead, it proceeded with a probation revocation hearing, at which a court can order imprisonment when it is reasonably satisfied that the probation conditions have been violated; the Government does not have the burden of proving beyond a reasonable doubt that the defendant committed the acts alleged. *United States v. Taylor*, 931 F.2d 842, 848 (11th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1191, 117 L.Ed.2d 433 (1992). Possession of cocaine provided the reason for revocation of probation, but it is not the crime for which

Granderson is incarcerated. In its policy statements concerning revocation of probation, the Sentencing Commission established that resentencing for violations of probation should sanction primarily the "defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S.S.G. Chapter 7, Pt. A, 3(b), at 336–337. The Guidelines explicitly reject resentencing violators for the particular conduct triggering the revocation "as if that conduct were being sentenced as new federal criminal conduct." *Id.*[2]

In *United States v. Smith*, 907 F.2d 133 (11th Cir.1990), we held that when a defendant's probation is revoked, resentencing is limited to the sentence that was available at the time the underlying offense was committed. A court has discretion to impose a new sentence within the applicable range prescribed by law, but "the guidelines control the imposition of a new sentence after probation revocation in the sense that the original determinations of total offense level and criminal history category ... delimit the sentences that were then available." *Smith*, 907 F.2d at 135. In *Smith*, the defendant was resentenced under the pre-1988 section 3565, for which revocation was discretionary and a defendant was not subject to mandatory incarceration for a minimum of one-third of the original sentence. Its underlying logic, however, still rings true. The length of Granderson's original sentence is limited by the Guideline range available at the time that he was sentenced to probation. If Granderson could not be subjected to eighteen months incarceration for the crime of which he was convicted, he cannot now be sentenced to that term for violation of his probation. Moreover, by the Government's contorted mathematics, Granderson would be considered to have had an "original sentence" of sixty months incarceration, which is not consistent with the Guidelines.

2. We note that even if the government had indicted Granderson for possession of cocaine under 21 U.S.C. § 841(a), he would have faced a statutory maximum of one year imprisonment; instead, he is serving more than one and a half years.

In reaching the opposite conclusion, the Ninth Circuit focused on the fact that Congress used the phrase "original sentence" in the amendment, not "original period of incarceration," or "any other sentence that was available ... at the time of the initial sentencing," *Corpuz*, 953 F.2d at 528. The court was not troubled by the conversion of time served on probation to time served in prison; the Ninth Circuit apparently reasoned that because incarceration and probation are both types of sentences, the two are interchangeable, at least for the purpose of resentencing.[3]

We disagree. Probation and imprisonment are not fungible. As the Third Circuit noted, probation is a form of "conditional liberty" that is likely to be longer than a term of imprisonment. *Gordon*, 961 F.2d at 432 (quoting *Black v. Romano*, 471 U.S. 606, 611, 105 S.Ct. 2254, 2257, 85 L.Ed.2d 636 (1985)). In this case, *instead* of a possible six months incarceration, Granderson received five years probation, a restraint on his liberty that is less severe than imprisonment, but lasts ten times longer. The trade-off was undoubtedly worthwhile to the defendant and illustrates the fallacy of simply converting a term of probation into one of incarceration without taking these differences into account.

The district court and the Ninth Circuit also relied on the fact that the provision relating to violations of supervised release is very similar to the section at issue here:

> If the defendant is found by the court to be in the possession of a controlled substance, the court shall terminate the term of supervised release and require the defendant to serve in prison not less than one-third of the term of supervised release.

18 U.S.C. 3583(g) (1988). Supervised release, however, is different from probation. When a defendant receives a sentence of probation, it is an *alternative* to imprisonment; a defendant serving time on supervised release has already served his sentence of incarceration and is subject to supervision analogous to what was formerly called "special parole." *See* U.S.S.G. Ch. 7, Pt. A, 2(b).

In another part of the Anti–Drug Abuse Act, section 3565(b), Congress provided for mandatory revocation of probation for possession of a firearm. However, section 3565(b) provides that "the court shall ... revoke the sentence of probation and impose *any other sentence that was available under subchapter A at the time of the initial sentencing*," 18 U.S.C. § 3565(b) (1988) (emphasis added). Therefore, under section 3565(b), if Granderson had possessed a firearm, he would be subject to only six months incarceration. The government argues that Congress intended to prescribe harsh penalties for possession of drugs. We do not dispute that fact. It is unlikely, however, that Congress intended that the use of two slightly different phrases in two otherwise similar provisions would lead to such dramatically different results. Interpreting the term "original sentence" to mean the sentence of incarceration faced by Granderson under the Guidelines is consistent with the rest of the statute; the mandatory imposition of one-third of that time produces a strict penalty for violation of probation due to possession of a controlled substance.[4] We agree with the Third Circuit that reading the provision as the government argues is a form of legal alchemy that would lead to unreasonably harsh results not clearly intended by Congress.

## III. CONCLUSION

■ We are not convinced that Congress intended the term "original sentence" to mean a period of probation imposed in the

---

3. The Eighth Circuit concurred with this approach in *United States v. Byrkett*, 961 F.2d 1399 (8th Cir.1992).

4. We note that section 3565(a) refers to the imposition of *"at least* one third of the original sentence,"* which appears to expose Granderson to a possible sentence of sixty months incarceration. At oral argument, the government disputed this interpretation and contended that the minimum term of incarceration was also a maximum sentence. Because Granderson received only a sentence of twenty months, we need not resolve this issue, but merely point out another difficulty with the government's reading of the provision.

alternative to incarceration, such that a violation of probation would subject the defendant to more than three times the length of imprisonment he faced when sentenced for his crime. Granderson has already been incarcerated for more than eleven months, although the crime of which he was convicted carries a maximum of six months under the Guidelines. The sentence of twenty months incarceration is VACATED and the appellant is hereby ORDERED released from custody forthwith. The Clerk is directed to issue the mandate upon filing of this opinion.

VACATED and SO ORDERED.