991 F.2d 806
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Stephanie Carol KEITH, Defendant-Appellant.
 No. 92-5074.
 United States Court of Appeals, Tenth Circuit.
 April 2, 1993.
 
 Before LOGAN and HOLLOWAY, Circuit Judges, and BRIMMER,* District Judge.
 ORDER AND JUDGMENT**
 HOLLOWAY, Circuit Judge.
 
 
 1
 Defendant Stephanie C. Keith appeals the district court's revocation of her five-year probation sentence and imposition of a 20-months' prison sentence, to be followed by three years of supervised release, pursuant to 18 U.S.C. § 3565(a), and that restitution be paid jointly and severally with companion convicted defendants. We affirm the district court's revocation of probation but vacate the court's sentence of incarceration and remand the case to the district court for resentencing in light of this opinion.
 
 I.
 
 2
 Defendant pled guilty to conspiracy to use an unauthorized access device in violation of 18 U.S.C. § 472 and was sentenced to five years' probation. R.Doc. 5 at 1. Condition 7 of the standard conditions of Keith's probation was that she not use or possess any controlled substance. Id. at 2. During her probation, Keith submitted urine samples indicating the presence of several narcotic substances, including marijuana and valium. R.Doc. 6 at 2.
 
 
 3
 On March 2, 1992, the United States Probation Office filed a petition requesting revocation of Keith's probation based on the positive urinalysis tests as well as Keith's failure to report to the probation office as directed. R.Doc. 8. On March 17, 1992, Keith appeared before the district court, admitting that she "used controlled substances during the term of her probation", as alleged in the petition. R.Tr. 3. Keith expressly waived an evidentiary hearing on the matter. R.Tr. 4.
 
 
 4
 Based on the foregoing facts, the district court found "that the violations have occurred and that the conditions of probation have been violated." Id. The court concluded it "[h]ad no discretion but to revoke probation" (id. at 7), and proceeded to sentence Keith to 20 months' imprisonment, followed by a three year term of supervised release. R.Doc. 10 at 2. The court relied on 18 U.S.C. § 3565 which provides in part:
 
 
 5
 (a) Continuation or revocation. If the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may ...
 
 
 6
 (1) continue him on probation, with or without extending the term or modifying or enlarging the conditions; or
 
 
 7
 (2) revoke the sentence of probation and impose any other sentence that was available under subchapter A at the time of the initial sentencing.
 
 
 8
 Notwithstanding any other provision of this section, if a defendant is found by the court to be in possession of a controlled substance, thereby violating the condition imposed by § 3563(a)(3), the court shall revoke the sentence of probation and sentence the defendant to not less than one-third of the original sentence.[1]
 
 
 9
 The court interpreted § 3565(a) as mandating a prison sentence of no less than one-third the length of Keith's initial five-year probation sentence, i.e., 20 months.
 
 
 10
 On appeal Keith contends, first, that the petition for revocation of probation did not specifically charge her with possession of drugs and that it therefore was improper for the district court to use possession of drugs as the basis for revoking her probation. Second, Keith claims the district court failed to exercise discretion properly in finding that she had in fact been in possession of drugs. Third, Keith says the court erred in imposing a prison sentence longer than that available under the Sentencing Guidelines for her original conspiracy conviction. Finally, Keith argues the court erroneously failed to consider relevant portions of the Sentencing Commission Policy Statements indicating a shorter sentence for the probation violation.
 
 
 11
 We review the district court's findings of fact under the clearly erroneous standard, United States v. Rutter, 897 F.2d 1558, 1580 (10th Cir.), cert. denied, 498 U.S. 829 (1990), while reviewing the court's interpretation and application of the law de novo. United States v. Maltais, 961 F.2d 1485, 1487 (10th Cir.1992).
 
 II.
 
 12
 A. Sufficiency of the Petition for Revocation.
 
 
 13
 In United States v. Lee, 957 F.2d 770, 771-72 n. 2 (10th Cir.1992), we noted that a defendant "was not charged with possession of [a controlled substance], but merely with the breach of a condition of his supervised release." We then stated that "no issue was presented to the district court, nor is any before us, concerning ... whether § 3583(g) [providing for revocation of supervised release and imposition of mandatory prison sentence] is applicable." Keith relies on the foregoing statements to argue that because the government did not obtain a formal criminal charge against her for possession of a controlled substance prior to the revocation hearing, the government could not rely on § 3565(a) to revoke her probation and impose a prison sentence.
 
 
 14
 We disagree. The quoted statements merely noted that no § 3583(g) issue was raised in the case and hence our opinion would not decide it. Lee addressed whether policy statements are mandatory or advisory, relying in part on § 3583(e); it does not bar the application of § 3565(a) in a case like this. Instead, § 3565(a) applies whenever "a defendant is found by the court to be in possession of a controlled substance." 18 U.S.C. § 3565(a) (emphasis added). Accordingly, while a petition for revocation of probation must satisfy the requirements of Fed.R.Crim.P. 32.1(a)(2)(A)-(B), " § 3565(a) does not require that a defendant be formally charged or convicted of drug possession for the conduct to be considered in probation revocation or resentencing." United States v. Gordon, 961 F.2d 426, 429 (3d Cir.1992).
 
 
 15
 Here, the government's probation revocation notice alleged that Keith had "used" and "injected" drugs, as indicated by several positive urinalysis tests and her own admissions, and that the government therefore would seek revocation of Keith's probation. R.Doc. 8 at 2. An allegation of drug "use" is tantamount to an allegation of drug "possession." See United States v. Rockwell, 984 F.2d 1112, 1114 (10th Cir.1993) ("[t]here can be no more intimate form of [drug] possession than [drug] use"). Accordingly, we are satisfied that "[f]rom [the government's] written petition, [defendant] should have anticipated that she would be questioned about her drug possession at the probation violation hearing" and that Rule 32.1(a)(2)(A)-(B) was thus satisfied. United States v. Gordon, 961 F.2d at 429.
 
 
 16
 B. The District Court's Alleged Failure to Exercise Discretion.
 
 
 17
 As Keith correctly points out, the district court had the right to determine whether Keith's positive urinalysis tests established possession of a controlled substance within the meaning of § 3565(a). U.S.S.G. § 7B1.4, Comment Note 5 ("[t]he Commission leaves to the court the determination whether evidence of drug usage established solely by laboratory analysis constitutes 'possession of a controlled substance' as set forth in 18 U.S.C. § 3565(a)"); Gordon, 961 F.2d at 429. Keith contends the district court erred in finding drug possession here.
 
 
 18
 We are not persuaded. At the probation revocation hearing, the district court considered the evidence before it and made an express factual finding of drug possession. R.Tr. 4, 9; R.Doc. 10 at 2.[2] Moreover, in the analogous context of § 3583(g) (governing revocation of supervised release), we have held that " 'use' in this [revocation] context is synonymous with possession." Rockwell, 984 F.2d at 1114. Accordingly, both the record facts and the applicable law support the district court's finding that Keith violated the conditions of her probation by unlawful possession of a controlled substance.
 
 
 19
 C. The District Court's Imposition of a Prison Sentence in Excess of the Guideline Range Applicable to Keith's Original Crime.
 
 
 20
 Having found that Keith violated the terms of her probation by possession of a controlled substance, the district court sentenced Keith to a term of imprisonment, followed by a term of supervised release, pursuant to § 3565(a). R.Doc. 10 at 2. The court relied on the last portion of the statute which provides:
 
 
 21
 Notwithstanding any other provision of this section, if a defendant is found by the court to be in possession of a controlled substance, thereby violating the condition imposed by § 3563(a)(3), the court shall revoke the sentence of probation and sentence the defendant to not less than one-third of the original sentence.
 
 
 22
 (Emphasis added.) The court interpreted the foregoing amendment to require imposition of a prison sentence of at least one-third the length of defendant's probation sentence. Because Keith's term of probation was 5 years, the court sentenced Keith to 20 months' imprisonment. R.Tr. 9; R.Doc. 10 at 2.
 
 
 23
 The defendant argues that the judge misconstrued the statute. We have recently upheld this claim of error. In United States v. Diaz, No. 92-2158, --- F.2d ---- (10th Cir. 3/22/93), we held that the term " 'original sentence' in the 1988 Amendment [to § 3565(a) ] refers to the original term of incarceration available at the time of initial sentencing." Id. at 7.[3] Here the guideline range of incarceration applicable to Keith's original conspiracy conviction was 8-14 months. R.Add. to Presentence Rep. at 7. Accordingly, under § 3565(a), the district court should have sentenced Keith to a prison term of no less than four and two-thirds months--one-third of the original 14 month maximum guideline sentence.
 
 
 24
 In light of Diaz we must hold that the imposition of the 20-month sentence, followed by three years of supervised release, was error.
 
 
 25
 D. The District Court's Alleged Failure to Consider Sentencing Commission Policy Statements.
 
 
 26
 As noted by Keith, 18 U.S.C. § 3553(a)(5) instructs district courts to consider "any pertinent policy statement issued by the Sentencing Commission" when imposing sentence. Chapter 7 of the guidelines contains policy statements relevant to prison sentences imposed following revocation of probation or supervised release. Specifically, § 7B1.4 indicates a 3-9 month range of imprisonment for a Grade C probation violation such as Keith's drug possession violation. Keith argues that the district court's sentence of 20 months was improper because it exceeds the range indicated in the foregoing guideline policy statements.
 
 
 27
 Here the district court's 20-month sentence was premised on the belief that § 3565(a) mandated the sentence imposed as a minimum. Diaz has now rejected that view. We are vacating the sentence and remanding for resentencing. In resentencing, the district judge should apply Diaz, as outlined above, imposing a sentence of no less than one-third of the original 14-month maximum guideline sentence. In this resentencing, the policy statements, which are advisory, United States v. Lee, 957 F.2d at 772, must also be considered, although they are not binding and cannot override a statute. U.S.S.G. § 1B1.7; United States v. Rockwell 984 F.2d at 1114 n. 2; United States v. Brooks, 976 F.2d 1358, 1360 (10th Cir.1992), petition for cert. filed (U.S. Jan. 6, 1993) (No. 92-7214).
 
 
 28
 On remand the judge should consider the policy statement as he imposes a new sentence that must not violate § 3565(a).
 
 III.
 
 29
 We AFFIRM the revocation of Keith's probation for unlawful possession of a controlled substance. We VACATE the sentence and REMAND for resentencing in accord with this order and judgment, with credit for time already served.
 
 
 30
 The mandate shall issue forthwith.
 
 
 
 *
 The Honorable Clarence A. Brimmer, United States District Judge for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The last paragraph of § 3565 was added by the Anti-Drug Abuse Act of 1988, Pub.L. No. 100-690, § 7303(a)(2), 102 Stat. 4181, 4464 (1988)
 
 
 [2]
 The relevant evidence included not only the positive urinalysis tests but also Keith's admission that she "used controlled substances during the term of her probation." R.Tr. 3. Only after making its determination of drug use and possession did the court conclude it had "no discretion but to revoke probation." R.Tr. 7. In short:
 The district court ... reviewed the evidence, exercised its factfinding power and determined that the defendant had possessed [drugs] and thereby violated probation.... Appellant has given us no reason to question the validity of the court's finding; accordingly, we affirm the district court's revocation of probation for possession of a controlled substance.
 United States v. Granderson, 969 F.2d 980, 981-82 (11th Cir.1992).
 
 
 [3]
 Our reading of the statute comports with the interpretation endorsed by the majority of the courts of appeals which have addressed the issue. See United States v. Clay, 982 F.2d 959 (6th Cir.1993); United States v. Granderson, 969 F.2d 980 (11th Cir.1992); United States v. Gordon, 961 F.2d 426 (3d Cir.1992). Two circuits have adopted a contrary interpretation. United States v. Byrkett, 961 F.2d 1399 (8th Cir.1992); United States v. Corpuz, 953 F.2d 526 (9th Cir.1992)