**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 92-9022
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JOSE HERNANDEZ SOSA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
_____

August 3, 1993

Before REAVLEY, DUHÉ, and BARKSDALE, Circuit Judges.

DUHÉ, Circuit Judge:

The facts in this statutory construction case are undisputed. In 1989 Appellant Jose Hernandez Sosa plead guilty to stealing mail from the United States Postal Service in violation of 18 U.S.C. § 1709. The Sentencing Guidelines authorized the court to sentence him to a maximum prison sentence of six months. In exchange for his plea, however, the court sentenced him to three years of probation. As a condition of probation, Sosa periodically submitted to drug testing. In November 1992, after months of testing positive for drug use, Sosa admitted to charges that he had violated his probation by possessing and using narcotics. Sosa's drug use in violation of his probation triggered 18 U.S.C. § 3565(a), which required the court to revoke his probation and sentence him to "not less than one third of the original sentence."

The court interpreted "original sentence" to refer to Sosa's three year probation, and sentenced him to twelve months of incarceration. Sosa appeals, arguing that the district court should have interpreted "original sentence" to refer to the maximum period of incarceration he could have received under the Sentencing Guidelines for the original offense. We affirm.

I.  Standard of Review

We will uphold a sentence unless it was imposed in violation of law; imposed as a result of an incorrect application of the sentencing guidelines; or is outside the range of the applicable sentencing guideline and is unreasonable. United States v. Buenrostro, 868 F.2d 135, 136-37 (5th Cir. 1989), cert. denied, 495 U.S. 923 (1990) (citations omitted). Application and interpretation of the guidelines is a question of law subject to plenary review. See United States v. Garcia, 962 F.2d 479, 480-81 (5th Cir. 1992), cert. denied, 113 S.Ct. 293 (1992).

II.  The Statute

When Congress enacted the Sentencing Reform Act of 1984 it included 18 U.S.C. § 3565(a) which provides for probation revocation as follows:

> (a) Continuation or revocation.--If the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may, after a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, and after considering the factors set forth in section 3553(a) to the extent that they are applicable--
> (1) continue him on probation, with or without extending the term or modifying or enlarging the conditions; or
> (2) revoke the sentence of probation and impose any other sentence that was available under subchapter A at

2

the time of the initial sentencing.

Pub.L. No. 98-473, § 212(a)(2), 98 Stat. 1837, 1995 (1984) (codified as amended at 18 U.S.C. § 3565(a)(1), (2)).

In 1988 Congress enacted the Anti-Drug Abuse Act which amended 18 U.S.C. § 3565(a) to include the following paragraph:

> Notwithstanding any other provision of this section, if a defendant is found by the court to be in possession of a controlled substance, thereby violating the condition imposed by section 3563(a)(3), the court shall revoke the probation and sentence the defendant to not less than one-third of the original sentence. (emphasis added)

At issue is the meaning of "original sentence." The district court interpreted it to refer to the sentence of three years of probation it imposed on Appellant Sosa for his original offense, and thus sentenced him to one third of three years, or twelve months of incarceration. Appellant urges this Court to interpret "original sentence" to mean the maximum prison sentence the court could have imposed under the Sentencing Guidelines for the original offense. Under this interpretation, Sosa would have been sentenced to at least one third of six months, or two months in prison.

Six other Circuit Courts have considered this issue. The Third, Sixth, Tenth, and Eleventh Circuits support Sosa's position.[1] The Eighth and Ninth Circuits support the district

---

[1] United States v. Roberson, 991 F.2d 627, (10th Cir. 1993); United States v. Diaz, 989 F.2d 391 (10th Cir. 1993); United States v. Clay, 982 F.2d 959 (6th Cir. 1993); United States v. Granderson, 969 F.2d 980 (11th Cir. 1992), cert. granted, 61 U.S.L.W. 3868 (U.S. June 28, 1993) (No. 92-1662); United States v. Gordon, 961 F.2d 426 (3rd Cir. 1992).

3

court's and the government's position.[2] We join the Eighth and Ninth Circuits.

III. "I Meant What I Said and I Said What I Meant"[3]

The principles of statutory construction are well-settled. "We begin with the familiar canon of statutory construction that the starting point for interpreting a statute is the language of the statute itself." Consumer Product Safety Com. v. GTE Sylvania, Inc., 447 U.S. 102, 108 (1980). If the language is clear and unambiguous, then a court may end its inquiry. Rubin v. United States, 449 U.S. 424, 430 (1981). "There is, of course, no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes." Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 571 (1982) (quoting United States v. American Trucking Ass'n, Inc., 310 U.S. 534, 543 (1940)). "Nevertheless, in rare cases the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters, and those intentions must be controlling." Griffin, 458 U.S. at 571. In sum, the plain meaning of an unambiguous statute is controlling unless it clearly violates Congressional intent.

We begin our analysis of "original sentence" with the determination that probation is a sentence. The judgment entered against Sosa for his original crime is entitled "Judgment Including

---

[2]United States v. Shampang, 987 F.2d 1439 (9th Cir. 1993); United States v. Byrkett, 961 F.2d 1399 (8th Cir. 1992); United States v. Corpuz, 953 F.2d 526 (9th Cir. 1992).

[3]Major Campaign Speeches of Adlai E. Stevenson, 1952, p.315 (1953).

4

Sentence Under the Sentencing Reform Act."  The Sentencing Reform Act is replete with references to a "sentence of probation."[4]  The corresponding Committee Report states: "Proposed 18 U.S.C. §3561, <u>unlike current law, states that probation is a type of sentence</u> rather than a suspension of the imposition or execution of a sentence."  S.Rep. No. 225, 98th Cong., 2d Sess. 88 (1983), <u>reprinted in</u> 1984 U.S.C.C.A.N. 3182, 3271 (emphasis added).  As noted by the Ninth Circuit, a court determines the length and conditions of probation by referring to the same goals that lead the court to determine the length and conditions of a term of incarceration.  18 U.S.C. § 3563(b).  "Penologically and semantically, probation is a sentence under the Sentencing Reform Act.  It is no longer an alternative to sentencing; it is a sentence in and of itself." <u>United States v. Corpuz</u>, 953 F.2d 526 (9th Cir. 1992).

Although not specifically argued by Sosa,[5] we address the contention that although probation is a type of sentence, it is so fundamentally and historically distinct from a sentence of incarceration that the two are not fungible.  <u>United States v. Diaz</u>, 989 F.2d 391, 392-93 (10th Cir. 1993); <u>United States v. Granderson</u>, 969 F.2d 980, 984 (11th Cir. 1992), <u>petition for cert.</u>

---

[4]For example, § 3561 is titled "Sentence of Probation"; § 3562 is titled "Imposition of a sentence of probation"; § 3563 discusses explicit conditions of a "sentence of probation"; and § 3566 is titled "Implementation of a sentence of probation."

[5]We have considered and rejected all other arguments raised in the Third, Sixth, Tenth, and Eleventh Circuits that support Sosa's position.

granted, 61 U.S.L.W. 3868 (No. 92-1662); United States v. Gordon, 961 F.2d 426, 432 (3rd Cir. 1992). Our interpretation of § 3565(a) is not premised on that assumption. We reason as follows. The 1988 amendment provides that a defendant who violates his parole by using drugs shall be sentenced to one third of his "original sentence." "Original" refers to the sentence he received for his original offense. "Sentence" could refer to either probation or incarceration, as both are types of sentences within the meaning of the statute. The new sentence must be one of incarceration and not probation, however, because the amendment also states that "the court shall revoke the sentence of probation," language clearly demonstrating that imposition of additional probation is not Congress's intent.[6]

We next determine whether "original sentence" is ambiguous. In our view the meaning is plain; it refers to the sentence imposed on the defendant for his original crime, an interpretation supported by reference to § 3565 in its entirety. Section 3565(a)(2), located just before the paragraph containing the term "original sentence," states that if a defendant violates a condition of his parole, the court may revoke the sentence of probation and "impose any other sentence that was available under subchapter A at the time of the initial sentencing." Section 3565(b), located just after the language at issue, states that if

---

[6]As stated infra, we recognize the severity of this result. It remains clear to us, however, that when a defendant admits the commission of additional crimes, particularly drug related crimes, in violation of his parole, Congress intends a harsh punishment.

6

a defendant possesses a firearm, the court shall revoke his parole and "impose any other sentence that was available under subchapter A at the time of the initial sentencing." The statute taken as a whole demonstrates that Congress knew how to refer to the sentence the defendant could have received at the time of the initial sentencing. Instead, in the amendment, Congress used the term "original sentence," which plainly refers to the sentence imposed on the defendant for his original crime. The statute is unambiguous.

We next determine whether this interpretation is "demonstrably at odds" with Congressional intent. Griffin v. Oceanic Contractors, 458 U.S. 564, 571 (1982). Sosa has not highlighted any legislative history of the Anti-Drug Abuse Act of 1988 that would support his position. As the Ninth Circuit noted, no such legislative history exists. Corpuz, 953 F.2d at 529. We therefore conclude that interpretation of the term "original sentence" to mean Sosa's original sentence of probation is not at odds with Congressional intent; it illustrates the Congressional intent.

We recognize the harshness of this interpretation. Sosa could only have received a maximum of six months incarceration for his original crime, but by virtue of his parole violation he must now endure twelve months of incarceration. The rule of lenity requires that the meaning of an ambiguous penal statute be resolved in favor of the defendant, but it does not require that the statute be read without common sense. United States v. Picquet, 963 F.2d 54, 56 (5th Cir. 1992), cert. denied, 113 S.Ct. 290 (1992) (citing United

7

States v. Mikelberg, 517 F.2d 246, 252 (5th Cir. 1975), cert. denied, 424 U.S. 909 (1976)). The statute is unambiguous, and common sense has dictated our interpretation.

The district court properly interpreted 18 U.S.C. § 3565(a).

CONCLUSION

For the foregoing reasons, the district court's imposition of a twelve month sentence of incarceration of Sosa is AFFIRMED.