**UNITED STATES of America, Appellee,**

v.

**Cheryl ALESE, Defendant–Appellant.**

**No. 166, Docket 93–1198.**

United States Court of Appeals, Second Circuit.

Argued Sept. 22, 1993.

Decided Sept. 28, 1993.

Julie E. Katzman, Asst. U.S. Atty., Brooklyn, NY (Zachary W. Carter, U.S. Atty., E.D.N.Y., Faith E. Gay, Asst. U.S. Atty., on the brief), for appellee.

Darrell B. Fields, New York City (The Legal Aid Soc., Federal Defender Services Unit, on the brief), for defendant-appellant.

Before: MESKILL, KEARSE and WINTER, Circuit Judges.

PER CURIAM:

Defendant Cheryl Alese, previously convicted of fraud in violation of 18 U.S.C. § 1029(a)(2) (1988) and sentenced to a three-year term of probation for that offense, appeals from a judgment of the United States District Court for the Eastern District of New York, Denis R. Hurley, *Judge,* revoking her probation pursuant to 18 U.S.C. § 3565(a) (1988), and sentencing her to one year of imprisonment, to be served consecutively to a 51–month prison term she is now serving for importation of heroin in violation of 21 U.S.C. § 952 (1988). The district court found that Alese had violated the conditions of her probation by engaging in narcotics trafficking, as reflected by her plea of guilty to the heroin importation charge. For the probation violation, the court sentenced Alese to a one-year prison term in light of § 3565(a)'s requirement that a probation violation of this type be punished by a sentence

of "not less than one-third of the original sentence." On appeal, Alese contends that since the federal Sentencing Guidelines ("Guidelines") provided an imprisonment range of 2–8 months for her original offense, the court should have calculated its new sentence by reference to the eight-month maximum prison term that could have been imposed, rather than to the length of the probation term actually imposed. We agree, and we therefore vacate the judgment and remand for resentencing.

Section 3565(a) provides generally that if the court finds that a defendant has violated a condition of her probation, it may continue the probation, or it may revoke the probation and impose any other sentence that it could have imposed at the time of the initial sentencing. 18 U.S.C. § 3565(a). However, in a provision added by the Anti–Drug Abuse Act of 1988 ("1988 Act"), Pub.L. No. 100–690, § 7303(a)(2), 102 Stat. 4181, 4464 (1988), that section goes on to provide as follows:

> Notwithstanding any other provision of this section, if a defendant is found by the court to be in possession of a controlled substance, thereby violating the condition imposed by section 3563(a)(3), the court shall revoke the sentence of probation and sentence the defendant to *not less than one-third of the original sentence.*

18 U.S.C. § 3565(a) (emphasis added). The term "original sentence" is not defined.

Alese contends that "one-third of the original sentence" should be read as referring to *imprisonment for one-third of the maximum prison term to which she could have been sentenced originally under the Guidelines.* The government, on the other hand, endorses the district court's interpretation that "one-third of the original sentence" means a prison term that is one-third of the length of any period of probation originally imposed. We think Alese's interpretation is the more plausible and is required by principles of lenity.

Preliminarily, we note that Congress could not have meant the phrase "one-third of the original sentence" to be taken literally, for one-third of three years' probation is one year of probation, and the result would therefore be that a probation violation could be rewarded with a reduction of the original

punishment. A literal application of Congress's words could thus lead to an absurdity.

Further, we reject the government's interpretation of § 3565(a) because we do not regard imprisonment and probation as interchangeable, and it is hardly clear that Congress intended this section to equate the two. Elsewhere in the 1988 Act, when it intended that the length of one type of punishment be calculated as a fraction of the length of a different type of punishment, it so stated with precision. Thus, in formulating the punishment for a narcotics-related violation of the conditions of supervised release, Congress provided that

> [i]f the defendant is found by the court to be in the possession of a controlled substance, the court shall terminate the term of supervised release and require the defendant *to serve in prison* not less than *one-third of the term of supervised release.*

18 U.S.C. § 3583(g) (1988) (emphasis added). The language of § 3565(a) is, in contrast, quite imprecise, and we decline to impute to Congress an intent simply to convert terms of probation into terms of imprisonment absent a clearer indication of such an intent.

We think the most reasonable interpretation of § 3565(a) is that a person found to have committed a narcotics-related violation of probation is to be sentenced to a prison term that is at least one-third the length of the maximum prison term to which she could originally have been sentenced. We note that other circuits presented with this question are divided. Several have reached the conclusion we adopt here. *See, e.g., United States v. Diaz,* 989 F.2d 391, 393 (10th Cir. 1993); *United States v. Clay,* 982 F.2d 959, 960 (6th Cir.1993), *petition for cert. filed,* 62 U.S.L.W. 3060 (U.S. July 6, 1993); *United States v. Granderson,* 969 F.2d 980, 984–85 (11th Cir.1992), *cert. granted,* —— U.S. ——, 113 S.Ct. 3033, 125 L.Ed.2d 721 (1993); *United States v. Gordon,* 961 F.2d 426, 431 (3d Cir.1992). Several others have adopted the district court's interpretation. *See United States v. Sosa,* 997 F.2d 1130, 1134 (5th Cir.1993); *United States v. Byrkett,* 961 F.2d 1399, 1401 (8th Cir.1992) (per curiam); *Unit-*

*ed States v. Corpuz,* 953 F.2d 526, 529 (9th Cir.1992).

We conclude, substantially for the reasons stated in *United States v. Granderson,* 969 F.2d at 983–85, that the last phrase of § 3565(a) should be read as requiring a sentence for probation violation that is not less than "one-third of *the maximum prison term that could have been imposed in* the original sentence." (Italicized portion added.) *See United States v. Granderson,* 969 F.2d at 984 (citing, *inter alia,* differences between probation and imprisonment); *id.* at 983 (noting that allowing a defendant to receive a prison sentence for probation violation exceeding the longest prison term she could have received originally would undermine the Guidelines' "explicit[ ] reject[ion of] resentencing violators for the particular conduct triggering the revocation 'as if that conduct were being sentenced as new federal criminal conduct'" (quoting Guidelines § 7A3(b)); and 969 F.2d at 983 (declining to "'interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended'") (quoting *Bifulco v. United States,* 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980)). *See also United States v. Clay,* 982 F.2d at 965 (permitting probation violation sentence to exceed Guidelines-prescribed maximum prison term would "do[ ] violence to how the sentencing guidelines are to be employed," by allowing an "end run around the reasoned statement requirement for departures").

The maximum prison term that could have been imposed on Alese originally was, under the Guidelines, 2–8 months. Since Alese could not have been sentenced to as much as one year in prison originally, we conclude that she cannot now be sentenced to a one-year prison term for violation of the conditions of her probation.

## CONCLUSION

We have considered all of the government's arguments on this appeal and have found them to be unpersuasive. The judgment is vacated, and the matter is remanded to permit the court to resentence Alese, for violation of her probation, to a prison term of not less than 2⅔ months and not more than eight months.