12 F.3d 215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dana D. HOPKINS, Defendant-Appellant.
 No. 93-5083.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1993.
 
 Before: KENNEDY, MILBURN, and GUY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Dana D. Hopkins appeals his nineteen month prison sentence imposed upon revocation of his probation. On appeal, defendant contends that the District Court incorrectly interpreted 18 U.S.C. Sec. 3565(a) in determining his sentence. For the reasons stated below, we vacate the sentence and remand for resentencing.
 
 I.
 
 2
 Defendant pled guilty to both counts of an information which charged him with (1) possessing 15 or more unauthorized access devices in violation of 18 U.S.C. Sec. 1029(a)(3); and (2) wire fraud and aiding and abetting wire fraud, in violation of 18 U.S.C. Secs. 2, 1343. The sentencing guidelines called for a sentence of six to twelve months in the defendant's case. The District Court placed defendant on probation for thirty months for each count, each sentence to run concurrently. As an additional condition, the court ordered the defendant to spend the first six months at a halfway house and to make restitution.
 
 
 3
 Subsequently, the probation office filed a petition to revoke probation. This petition alleged defendant violated his probation by failing to notify his probation officer of a change in employment, using illegal drugs, and failing to pay the court-ordered restitution. An initial hearing was set for November, 1992. Defendant, however, failed to appear and was subsequently arrested pursuant to a bench warrant. After a hearing, the District Court concluded that the defendant had violated his probation by possessing cocaine, failing to make restitution, and failing to inform his probation officer of a change in his employment. The District Court then revoked his probation and sentenced the defendant to nineteen months of incarceration. The District Court gave the defendant credit for the seven months served in the halfway house and for the month he served waiting for the revocation hearing. This timely appeal followed.[1]
 
 II.
 
 4
 This case addresses the interpretation of 18 U.S.C. Sec. 3565(a). Because this is a legal issue, this Court reviews the District Court's decision de novo. United States v. Clay, 982 F.2d 959, 961 (6th Cir.1993).
 
 III.
 
 5
 Revocation of probation is governed by 18 U.S.C. Sec. 3565(a). Under section 3565(a), the court may continue the defendant's probation with or without modification or revoke it entirely. Section 3565(a) continues,
 
 
 6
 [n]otwithstanding any other provision of this section, if a defendant is found by the court to be in possession of a controlled substance, thereby violating the condition imposed by section 3563(a)(3), the court shall revoke the sentence of probation and sentence the defendant to not less than one-third of the original sentence.
 
 
 7
 The defendant admitted to possession of cocaine at his probation revocation hearing. However, defendant argues that the District Court incorrectly interpreted "original sentence" in 18 U.S.C. Sec. 3565(a). Specifically, defendant argues that "original sentence" refers to the sentencing guidelines imprisonment range for the underlying offense. Defendant's original sentencing guidelines range called for incarceration from six to twelve months. Thus, the defendant argues that the most incarceration time the District Court could impose upon revocation of his probation was twelve months, not nineteen.
 
 
 8
 Clearly, the District Court interpreted the words "original sentence" in the above statute as meaning the original sentence of probation, here 30 months, as opposed to defendant's sentencing guidelines range.[2] The District Court did not have the benefit of our recent decision in Clay, where we addressed this precise issue. In Clay, we held that "original sentence" in section 3565(a) "refers to the sentencing guidelines imprisonment range for the underlying offense." Id. at 965. It does not refer to the original sentence of probation. Id.
 
 
 9
 The government argues that Clay was wrongly decided and refers this court to the decisions of other circuits. While there is clearly a split of authority among the circuits on this issue,[3] Clay is controlling in this Circuit. For these reasons, we VACATE the District Court's sentence and REMAND for resentencing.
 
 
 
 [1]
 The defendant has been released pending the outcome of his appeal in this case
 
 
 [2]
 At the probation revocation hearing, the District Court stated, "[t]he court gave him a real break when he had him here before, put him in the half-way house for six months and on supervised release for what, 30 months, probation for 30 months on both counts. Told him at that time if he used any controlled substances or violated the terms of his probation I would revoke it and sentence him up to a minimum of one-third or up to a full 30 months in jail, if he violated the terms of probation."
 
 
 [3]
 See, e.g., United States v. Diaz, 989 F.2d 391 (10th Cir.1993); United States v. Granderson, 969 F.2d 980 (11th Cir.1992), cert. granted, 113 S.Ct. 3033 (1993); United States v. Gordon, 961 F.2d 426 (3d Cir.1992) (concluding that "original sentence" refers to original incarceration available under the guidelines at the time of the initial sentencing). But see, e.g., United States v. Sosa, 997 F.2d 1130 (5th Cir.1993); United States v. Byrkett, 961 F.2d 1399 (8th Cir.1992); United States v. Corpuz, 953 F.2d 526 (9th Cir.1992) (concluding that "original sentence" refers to original sentence of probation)