42 F.3d 1389
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joann PAASCHE, Defendant-Appellant.
 No. 94-1430.
 United States Court of Appeals, Sixth Circuit.
 Nov. 29, 1994.
 
 Before: BROWN, KENNEDY and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Joann Paasche pled guilty under 26 U.S.C. Sec. 7203 to one count of failure to file a tax return and was sentenced to probation. A condition of her probation was that she file a tax return for the year of 1985. The District Court revoked her probation after a hearing at which the court determined that she had filed the return in bad faith. Defendant now appeals, asserting that the court abused its discretion in revoking her probation because its finding of bad faith was clearly erroneous. She also contends that the District Court abused its discretion in requiring her to file returns for years other than 1985 as a condition of her probation following incarceration. For the reasons stated, we affirm.
 
 I.
 
 2
 On October 6, 1992, defendant and her husband William Paasche ("Mr. Paasche") were indicted for tax evasion under 26 U.S.C. Sec. 7201 for alleged failure to file tax returns for the years 1985 through 1987 and alleged concealment of income. (Joint App. at 15). Mr. Paasche subsequently died and a superseding information was returned on March 12, 1993 charging defendant with three counts of willful failure to file tax returns for the years 1985 to 1987 under 26 U.S.C. Sec. 7203.
 
 
 3
 Defendant pled guilty to Count 1 of the Information, a willful failure to file a 1985 tax return. The Information alleged that defendant had income of $114,235, but the court did not require defendant to plead to this specific amount. (Joint App. at 750-51). The court sentenced defendant to one year in prison, but suspended the sentence and placed her on three years probation. She was fined $25,000 and sentenced to 200 hours of community service over the three-year probationary period. As a condition of probation, defendant was required to file an income tax return for the year 1985 and to pay all back taxes and penalties due and owing. (Joint App. at 26).
 
 
 4
 On January 31, 1994, defendant filed her 1985 tax return. On this return, she reported only $26,109 in income, attributable to 50 percent of a mineral rights check which defendant had endorsed. Attached to the return was Internal Revenue Service ("IRS") Form 8275 which set forth the basis for defendant's conclusion that she need not report any income from the real estate development businesses on her 1985 return. On this form defendant claimed that she was a housewife who had only performed minimal secretarial services on behalf of the businesses. The IRS reviewed the return and concluded that it had been filed in bad faith, contending that she was required to report half of the income earned by the real estate businesses. (Joint App. at 124).
 
 
 5
 The District Court held a probation revocation hearing and concluded that her 1985 tax return was not filed in good faith. (Joint App. at 906-36). The court based its finding on several factors. First, the court found no valid reason for the delay of seven months between defendant's sentence and the filing of the 1985 return. Although defendant testified that she was unable to obtain all the necessary records because they had been seized, the court did not credit this testimony because officials from both the IRS and the State of Michigan testified that Paasche could have had access to the records. (Joint App. at 291-92, 799-800). In addition, the court found that defendant acted in bad faith by refusing to provide the IRS with a disclosure of her assets. (Joint App at 920).
 
 
 6
 Furthermore, the District Court determined that defendant had been involved in the real estate businesses and should have reported income attributable to them. The court found that in a 1989 mortgage application defendant had indicated that she was vice-president of one of the real estate companies and earned $10,800 a month. (Joint App. at 961-62). Defendant testified that she knew the application was false but signed it anyway because her husband had forced her to. The court found this testimony unworthy of credence. (Joint App. at 486-91).
 
 
 7
 The court further noted that defendant had previously testified in a state probate court hearing that at least as of 1988 she was the sole officer and owner of two of the family corporations and that her husband had worked for her as an agent. (Joint App. at 968). The court also observed that a brief filed with the Michigan Court of Appeals in connection with the Paasches' state income tax evasion conviction states that "Defendants," plural, "are engaged in the business of real estate development" and that "they" had formed several corporations. (Joint App. at 852-53). Based on these findings, the court revoked defendant's probation and defendant was sentenced to three years probation with the first 90 days to be served in custody. Defendant now appeals.
 
 II.
 
 8
 Defendant argues that the District Court erred in finding that she acted in bad faith and thus abused its discretion in revoking her probation. She first contends that there was insufficient evidence of bad faith because she relied on tax experts and because case law supported her position. She argues that she could not act in bad faith where there was a legitimate basis for her belief she had no income and where she filed a disclosure form with the IRS. Finally, she argues that she is entitled to litigate her civil tax dispute and that the court may not order her to pay taxes which she does not legally owe.
 
 
 9
 Revocation of probation is left to the sound discretion of the district court. United States v. Miller, 797 F.2d 336, 339 n. 4 (6th Cir.1986). In order to revoke probation, all that is required is " 'enough evidence to satisfy the district judge that the conduct of the petitioner has not met the conditions of probation.' " Id. (citation omitted). A district court's findings of fact with respect to the probation revocation are binding on this court unless they are clearly erroneous. United States v. Granderson, 969 F.2d 980, 982 (11th Cir.1992), aff'd, 114 S.Ct. 1259 (1994). Having found bad faith, it was well within the District Court's discretion to revoke defendant's probation.
 
 
 10
 The District Court's finding that defendant acted in bad faith in filing her return was not clearly erroneous. Defendant waited seven months between the order of probation and the filing of her 1985 tax return. Although she stated that she was unable to obtain copies of the necessary records, the testimony of the IRS agent assigned to the case shows that they offered her full access to the records. (Joint App. at 291-2). Contrary to defendant's position in the revocation proceedings, she had claimed substantial involvement in the businesses in her 1989 mortgage application, her statements in the probate proceeding, and in her briefs filed with the Michigan Court of Appeals.
 
 
 11
 We also find no merit in defendant's argument that the District Court should not have ordered her to pay taxes she was not legally obligated to pay. The condition of her probation which the court found she violated was that she file an income tax return for 1985. The court did not require her to pay taxes she was not obligated to pay, but rather required her to file a return in good faith. The court found that she did not do this and was justified in revoking her probation.
 
 III.
 
 12
 Defendant argues that the District Court abused its discretion in requiring her to file all delinquent tax returns as a condition of the probation imposed following her incarceration. During the revocation hearing, her attorney stated that she had filed returns for 1984 through 1987. (Joint App. at 933-34). With respect to the Court's order to file for these years, therefore, defendant's objection is moot.
 
 
 13
 United States v. Warner, 830 F.2d 651 (7th Cir.1987), is instructive on the issue of the remaining delinquent returns. In Warner, the defendant was convicted of failing to file federal income tax returns for the years 1974 through 1977. As a condition of his probation, the court required him to file all delinquent returns for the years 1974 through 1984. Id. at 654. The district court revoked the defendant's probation, in part because he had failed to file any of the delinquent returns except for one. Although it did not discuss the appropriateness of filing returns other than those of the years of conviction, the Seventh Circuit upheld the probation revocation. Accordingly, we find that the District Court did not err in requiring defendant to file all delinquent tax returns as a condition of probation.
 
 IV.
 
 14
 For the foregoing reasons, we AFFIRM.