[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 14 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15458
Non-Argument Calendar

_____

D. C. Docket Nos. 99-00056-CR-2-CLS-TMP
06-00308-CR-2-C

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID KEITH JOHNSTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(June 14, 2007)**

Before ANDERSON, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

David Keith Johnston appeals the district court's revocation of his

supervised release and his resulting 22-month sentence, which was eight months above the Chapter 7 advisory guideline range.  The district court found that revocation of Johnston's supervised release was mandatory under 18 U.S.C. § 3583(g)(1).

## I. Mandatory Revocation of Supervised Release

On appeal, Johnston argues that revocation of his supervised release was not mandatory under 18 U.S.C. § 3583(g)(4) because he only tested positive for illegal controlled substances twice, whereas mandatory revocation is triggered by three positive tests.  Moreover, citing United States v. Almand, 992 F.2d 316 (11th Cir. 1993), and United States v. Granderson, 969 F.2d 980 (11th Cir. 1992), superseded by statute on other grounds as stated in, United States v. Cook, 291 F.3d 1297 (11th Cir. 2002), Johnston maintains that the district court erred by holding that revocation was mandatory under 18 U.S.C. § 3583(g)(1) because the court did not find that Johnston had possessed, as opposed to used, a controlled substance.

We review a district court's revocation of supervised release for an abuse of discretion.  United States v. Mitsven, 452 F.3d 1264, 1266 (11th Cir.), cert. denied, 127 S.Ct. 663 (2006).  However, when "a defendant raises a sentencing argument for the first time on appeal, we review for plain error."  United States v. Aguillard,

2

217 F.3d 1319, 1320 (11th Cir. 2000) (supervised release revocation case). "[T]o correct plain error: (1) there must be error; (2) the error must be plain; and (3) the error must affect substantial rights." Id. (internal quotations omitted). The plain error standard is applicable here because Johnston did not object below to the district court's finding that revocation of his supervised release was mandatory.

A court may revoke a term of supervised release if it "finds by a preponderance of the evidence that the person violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). However, revocation of supervised release is mandatory if, inter alia, the defendant "possesses a controlled substance in violation of the condition set forth in subsection (d)," or the defendant, "as a part of drug testing, tests positive for illegal controlled substances more than 3 times over the course of 1 year."[1] 18 U.S.C. § 3583(g)(1), (4).

As a preliminary matter, Johnston correctly notes that revocation of his supervised release was not mandatory under 18 U.S.C. § 3583(g)(4) because he only tested positive for drugs twice. Nevertheless, the district court did not commit error, plain or otherwise, because it did not rely on 18 U.S.C. § 3583(g)(4) to find that revocation was mandatory. Instead, it relied on 18 U.S.C. § 3583(g)(1) and

---

[1]Under 18 U.S.C. § 3583(d), the district court must order, as an explicit condition of supervised release, that the defendant not unlawfully possess a controlled substance. 18 U.S.C. § 3583(d). In the instant case, the district court ordered that Johnston "not purchase, possess, use, distribute, or administer any narcotic or other controlled substance."

found that Johnston possessed a controlled substance.

The district court did not commit error, plain or otherwise, in finding that revocation of Johnston's supervised release was mandatory under 18 U.S.C. § 3583(g)(1) for several reasons. First, Johnston admitted that he had used drugs while on supervised release. Second, Johnston's attorney stated that "[Johnston] has admitted the mandatory revocation violations of the drug use." (emphasis added). The district court was entitled to rely on Johnston's and his attorney's admissions in making its factual findings. See United States v. Wilson, 884 F.2d 1355, 1356 (11th Cir. 1989) (holding that the sentence court's factual findings may be based on, inter alia, evidence heard during the sentencing hearing); United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006), cert. denied, __ S.Ct. __ (Apr. 23, 2007) (holding that "the failure to object to a district court's factual findings precludes the argument that there was an error in them"). Third, contrary to Johnston's assertion, the district court specifically found that Johnston possessed a controlled substance when it stated, "Well, Mr. Johnston, based upon your admission that you have violated one of the mandatory conditions of supervision specified in [18 U.S.C. § 3583(d)], specifically that you not unlawfully possess and use controlled substances, revocation of your supervised release status is mandatory." (emphasis added). Here, unlike in Almand and Granderson, Johnston

4

admitted to using cocaine, and, therefore, no issue arose as to whether drug use established solely by laboratory analysis constituted possession of a controlled substance under § 3583(g)(1). Accordingly, the district court did not plainly err in finding that revocation of Johnston's supervised release was mandatory.

## II. Sentence Imposed Upon Revocation of Supervised Release

Johnston argues that the district court abused its discretion in sentencing him to 22 months' imprisonment because (1) Johnston had only been out of prison for four months when the probation office filed the revocation petition; (2) Johnston did not have time to become accustomed to the supervised release requirements; and (3) his sentence was above the guideline range. Johnston also again attacks the revocation itself, citing extra-circuit authority regarding the discretionary revocation of supervised release, to suggest that the district court should not have revoked his supervised release because "idiosyncratic circumstances" explained his behavior.[2] According to Johnston, the "idiosyncratic circumstances" include (1) his long period of incarceration; (2) the fact that, upon release, he was ordered to attend counseling with a family member with whom he had "bad blood;" and (3) the fact that his girlfriend had been diagnosed with

---

[2]Johnston's reliance on extra-circuit authority discussing the discretionary revocation of supervised release is misplaced because, as discussed above, revocation was mandatory in this case. See 18 U.S.C. § 3583(g)(1).

cervical cancer. Finally, Johnston suggests that his sentence was unreasonable based on the 18 U.S.C. § 3553(a) factors.

## A. Johnston's Abuse of Discretion Argument

We review the district court's decision to exceed the advisory sentencing range in Chapter 7 of the Sentencing Guidelines, U.S.S.G. § 7B1.4, for an abuse of discretion. United States v. Silva, 443 F.3d 795, 798 (11th Cir. 2006). Chapter 7 of the Sentencing Guidelines governs violations of supervised release and contains policy statements, one of which provides recommended ranges of imprisonment applicable upon revocation. U.S.S.G. § 7B1.4, p.s. We have consistently held that the policy statements of Chapter 7 are merely advisory and not binding. Silva, 443 F.3d at 799. "While the district court is required to consider the policy statements, it is not bound by them." Id. When exceeding the recommended range, the court must indicate that it considered the Chapter 7 policy statements. Id. "[I]t is enough that there is some indication that the district court was aware of and considered them." Aguillard, 217 F.3d at 1320.

In the instant case, the district court explicitly calculated the Chapter 7 guideline range and the statutory maximum and determined that the guideline range was inadequate. Therefore, it is clear from the record that the district court was aware of and considered the Chapter 7 policy statements, and, thus, the court

did not abuse its discretion in imposing a sentence that exceeded the guideline range. See Aguillard, 217 F.3d at 1320.

**B.      Johnston's Reasonableness Argument**

We review the sentence imposed upon revocation of supervised release for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006).

To the extent that Johnston argues that his sentence is unreasonable because the district court failed to consider the § 3553(a) factors, his argument is without merit. If supervised release is revoked under 18 U.S.C. § 3583(e), the statute requires that the § 3553(a) factors be considered. United States v. Brown, 224 F.3d 1237, 1241 (11th Cir. 2000) (quoting United States v. Giddings, 37 F.3d 1091, 1095 (5th Cir. 1994)) (emphasis in original). However, when revocation of supervised release is mandatory under 18 U.S.C. § 3583(g), the statute does not require consideration of the § 3553(a) factors.'" Id. The only limitation in § 3583(g) is that the sentence not exceed the statutory maximum authorized under § 3583(e)(3). Here, Johnston's 22-month sentence was 14 months below the statutory maximum of three years' imprisonment.

In any event, although consideration of the § 3553(a) factors was not required, the record reflects that the district court considered of many of the

7

§ 3553(a) factors, including the Chapter 7 guideline range. When the court explained that Johnston was not "seriously abid[ing] by the conditions of supervision and constantly [had] to be monitored," it demonstrated its consideration of his "history and characteristics" and the nature and circumstances of the violations, see 18 U.S.C. § 3553(a)(1). Moreover, when the court stated that the sentence must deter Johnston from committing further criminal acts and abusing drugs, it showed its consideration of the need for the sentence imposed "to protect the public from future crimes of the defendant," "to promote respect for the law," and "to afford adequate deterrence to criminal conduct," see 18 U.S.C. § 3553(a)(2)(A)-(C). Further, when the court noted that Johnston had received "preferential treatment" in the past, it demonstrated its consideration of his "history and characteristics" and the need to deter future criminal conduct, see 18 U.S.C. § 3553(a)(1), (a)(2)(B).

In sum, Johnston committed numerous violations of the conditions of his supervised release and has a serious criminal record. The district court did not abuse its discretion in imposing a sentence that exceeded the recommended Chapter 7 guideline range, and the ultimate sentence was reasonable based on the district court's consideration of many of the § 3553(a) factors. Accordingly, upon review of the record on appeal and consideration of the parties' briefs, we discern

8

no reversible error.

**AFFIRMED.**