UNITED STATES of America, Plaintiff,

v.

José E. ROTGER, Defendant.

Cr. No. 89–0222CCC.

United States District Court,
D. Puerto Rico.

Jan. 11, 1994.

Edwin O. Vázquez, Asst. U.S. Atty. and Guillermo Gil, U.S. Atty., for plaintiff.

Juan G. Casasnovas–Luiggi, for defendant.

## ORDER

CEREZO, Chief Judge.

Having considered the Motion filed by the United States on January 4, 1994 (docket entry 74) in compliance with our Order of December 30, 1993 (see docket entry 72), and defendant's reply of January 10, 1994 (docket entry 73), the Court finds that, notwithstanding the fact that defendant's term of probation was revoked on June 30, 1992 partly due to his use of illegal drugs,[1] the sentence of nine (9) months of imprisonment imposed upon him on June 30, 1992 exceeded by three months the maximum term to which he could have been sentenced under the Sentencing Guidelines.

The government contends that the sentence imposed was permitted under the last paragraph of 18 U.S.C. § 3565(a), which mandates revocation of probation and imposition of a sentence of "not less than one-third of the original sentence" if a defendant is found by the Court to be in possession of a controlled substance. However, as it has correctly and candidly pointed out, the meaning of the phrase "original sentence" has become an issue of statutory interpretation which has divided the appellate courts that have considered the matter. Inasmuch as the Court of Appeals for the First Circuit has still not taken sides on this issue, the government urges us to adopt the position subscribed by the Courts of Appeals for the Fifth, Eight and Ninth Circuits, which have interpreted the phrase to refer to the sentence of three years of probation originally imposed, thus requiring a sentence of at least one-third of three years, or twelve months of incarceration. See U.S. v. Sosa, 997 F.2d 1130 (5th Cir.1993), United States v. Byrkett, 961 F.2d 1399 (8th Cir.1992), United States v.

Corpuz, 953 F.2d 526 (9th Cir.1992). We understand, however, that the interpretation made by the Courts of Appeals for the Second, Third, Sixth, Tenth and Eleventh Circuits is more reasonable in terms of statutory construction, see United States v. Alese, 6 F.3d 85 (2nd Cir.1993), United States v. Diaz, 989 F.2d 391 (10th Cir.1993), United States v. Clay, 982 F.2d 959 (6th Cir.1993), United States v. Granderson, 969 F.2d 980 (11th Cir.1992), cert. granted, —— U.S. ——, 113 S.Ct. 3033, 125 L.Ed.2d 721 (1993), United ed States v. Gordon, 961 F.2d 426 (3rd Cir. 1992), and "that the last phrase of § 3565(a) should be read as requiring a sentence for probation violation that is not less than 'one-third of the maximum prison term that could have been imposed in the original sentence.' " United States v. Alese, 6 F.3d at 87, quoting United States v. Granderson, 969 F.2d at 985 (emphasis in original).

Aside from the various arguments expressed in those opinions, we are particularly persuaded by the observation made by the Court in United States v. Clay, that permitting a probation violation sentence to exceed the guidelines-prescribed maximum prison term would "do[ ] violence to how the sentencing guidelines are to be employed," by allowing an "end run around the reasoned statement requirement for departures." Id. at p. 965.[2]

Under our interpretation of the statute, the maximum prison term that could have been imposed on Rotger upon revocation of his probation, absent an upward departure, was six (6) months. The Court, however, imposed nine (9) months. As we recognized in our Order of December 21, 1993 (docket entry 71), we erred in imposing that sentence. The government's allegation to the

---

1. The Court has reviewed the transcript of the June 30, 1992 revocation hearing. According to the same, in making the revocation findings we stated as follows:

> After having heard the testimony presented by the U.S. Probation Officer González, and by the defendant in this case, José E. Rotger, the Court finds that probationer José E. Rotger has violated the conditions of his probation by failing to report for urine tests as instructed to do so, and since April 21, 1992, on a weekly basis *and because he has been using drugs as admitted by him during this hearing* ...

(emphasis ours).

2. We are mindful of the fact that the Supreme Court will resolve the conflict existing between the Circuits within this term, as that was the question presented in the petition for certiorari granted by the Court in United States v. Granderson. See 62 U.S.L.W. 3024. When it does, we are confident that it will concur with the position adopted by the majority of the Circuits, and embraced by us today.

contrary, a belated but laudable attempt to salvage our error, is founded on what we believe is an incorrect interpretation of the law and is, therefore, DENIED.

**SO ORDERED.**