36 F.3d 1095
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Dale PEERY, Defendant-Appellant.
 No. 93-5736.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 22, 1994.
Decided September 8, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Abingdon. Glen M. Williams, Senior District Judge. (CR-89-65).
 C. Randall Lowe, Tate, Lowe & Rowlett, Abingdon, VA, for Appellant.
 Robert P. Crouch, Jr., United States Attorney, Julie M. Campbell, Assistant United States Attorney, Abingdon, VA, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before WILKINSON and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Thomas Dale Peery appeals from a district court judgment revoking his probation for violation of probation terms and imposing a twelve month sentence of incarceration. We affirm.
 
 
 2
 The revocation hearing occurred in response to United States Probation Officer Philip K. Williams's probation violation report in which he alleged that Peery violated his parole by negotiating a marijuana purchase and by becoming intoxicated. Just prior to the hearing, the Government informed Peery's counsel that Investigator Marty Stallard, who was involved in Peery's arrest, would also testify.
 
 
 3
 Peery's counsel moved for a continuance on three grounds: (1) counsel was appointed only one week earlier and was awaiting reports about Peery's psychological condition; (2) Stallard's testimony was not properly disclosed pursuant to Fed.R.Crim.P. 32.1; and (3) the revocation hearing should be held after the resolution of the pending state charges on the marijuana transaction. The court denied the motion for a continuance.
 
 
 4
 Williams testified at the hearing and was cross-examined by Peery's counsel. Stallard then testified to the facts contained in the probation revocation report, which counsel and Peery received prior to the hearing. Peery did not take the stand, and his counsel presented no witnesses. Counsel merely stated Peery's contention that he loaned money to a friend on the night in question.
 
 
 5
 The court found Peery in violation of the terms of his probation and revoked it. The court then sentenced Peery to twelve months imprisonment, the maximum of the original possible incarceration term. Peery then requested that the court grant him sentencing credit for the time he spent in a state jail because of the federal detainer lodged against him. The court denied the motion.
 
 
 6
 This court reviews denials of continuance motions only to discover if the district court abused its broad discretion and if that abuse prejudiced the movant. United States v. Bakker, 925 F.2d 728, 735 (4th Cir.1991). There was no abuse of discretion in denying the motion based on lack of preparation time. Counsel merely wished to wait for documentation of Peery's mental state prior to the hearing and only with regard to his condition on the night of the marijuana purchase. However, the court had voluminous evidence concerning Peery's mental condition in the record from Peery's original trial, including documentation that Peery's counsel was awaiting. Because there was no other evidence that the short time between appointment of counsel and the hearing was detrimental to the defense, the court did not err in denying the motion on this ground.
 
 
 7
 However, even if we found that the district court abused its discretion with regard to this ground, we find no prejudice. Peery's counsel has not alleged prejudice from the denial of the motion, and we find none. Peery contends that the interaction of alcohol with his prescription drugs altered his behavior on the night in question. However, even if this were so, it would be no defense to the probation violation. Also, the abuse of alcohol in itself would have been a violation of Peery's parole. Finally, the documentation was before the court for mitigation purposes. Thus, Peery was not prejudiced by the lack of the psychological data.
 
 
 8
 Although originally pressed as a ground for continuance, Peery now alleges that the district court's allowance of Stallard's testimony, and the hearsay it contained, was reversible error as a violation of Fed.R.Crim.P. 32.1. Peery's contention is without merit. Rule 32.1 requires the Government to inform Peery of the evidence against him that it might use at the hearing; it does not require advance notice of every possible witness. Moreover, Stallard's testimony, including the hearsay, was nothing more than explication of the evidence contained in the revocation report. Thus, there was no violation of Rule 32.1.[1] We find no error in denying the continuance on this ground nor in the allowance of Stallard's testimony.
 
 
 9
 Finally, the pending state proceedings provided no ground for continuing the hearing. Again, Peery fails to allege any prejudice from the denial, and we find none. Peery has not shown that the criminal proceedings resulted in a finding of innocence, or that his "testimony" would have been any different than it was prior to the end of the state proceedings.[2] Thus, the district court did not err in denying Peery's motion for a continuance on any of the grounds he proffered.
 
 
 10
 Peery next complains that the district court wrongly believed that it had to impose twelve months imprisonment, the maximum of his original possible incarceration term. Although the testimony at the hearing discloses some confusion on the part of Williams, the court clearly knew it could impose a sentence within a range up to twelve months.[3] The court expressly chose the maximum because of earlier lenient treatment of Peery by Williams and the court.
 
 
 11
 Finally, the district court did not err in denying Peery's motion to grant credit for time served prior to the imposition of his sentence. This type of credit is left to the Attorney General in the first instance, and is only then subject to judicial review. United States v. Wilson, 60 U.S.L.W. 4244, 4246 (U.S.1992). Thus, the court had no authority to grant the credit.[4]
 
 
 12
 We affirm the district court judgment in all respects. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Hearsay evidence is allowable at probation revocation hearings because the Federal Rules of Evidence do not apply in such proceedings. Fed.R.Evid. 1101(d)(3)
 
 
 [2]
 The state proceedings were later transferred to federal court
 
 
 [3]
 Because the maximum possible term of imprisonment was six to twelve months, the range of possible imprisonment for this drug-related probation violation was four to twelve months. United States v. Penn, 17 F.3d 70, 73, (4th Cir.1994)
 
 
 [4]
 We, of course, express no opinion on the appropriateness of such a credit in this case