**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Robert Mitchell PENN, Defendant–
Appellant.**

No. 93–5190.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 28, 1993.

Decided Feb. 17, 1994.

**ARGUED:** Hunt Lee Charach, Federal Public Defender, Charleston, West Virginia; Gregory Stuart Smith, FEDERAL DEFENDER PROGRAM, INC., Atlanta, Georgia, for Appellant. Kelly D. Ambrose, Assistant United States Attorney, Charleston, West Virginia, for Appellee. **ON BRIEF:** George H. Lancaster, Jr., Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Michael W. Carey, United States Attorney, Charleston, West Virginia, for Appellee.

Before ERVIN, Chief Judge, PHILLIPS, Circuit Judge, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.

## OPINION

ERVIN, Chief Judge:

■ Under 18 U.S.C. § 3565(a), a defendant originally sentenced to a term of probation who is found to have violated a condition of probation ordinarily may either be continued on probation or may have his sentence of probation revoked, in which case the court may impose any other sentence that was available at the time of the defendant's original sentence. If the defendant's violation relates to possession of a controlled substance, however, the court must revoke the sentence of probation and must sentence the defendant to "not less than one-third of the original sentence." The issue in this appeal is whether the undefined phrase "original sentence" in 18 U.S.C. § 3565(a) refers to the maximum term of imprisonment available under the Sentencing Guidelines range applicable to the defendant at the time of the original sentencing hearing, or whether the phrase refers to the term of probation originally imposed.

### I.

■ On January 3, 1991, Robert Penn plead guilty to interstate travel to promote unlawful activity in violation of 18 U.S.C. § 1952(a)(3) and was sentenced to 3 years probation with a condition that he serve 6 months of community confinement. At the time of the original sentencing, the district court found that Penn's Sentencing Guidelines range was 6 to 12 months and that no reason for a departure existed.

A United States probation officer filed a petition with the district court on December 4, 1992, alleging that Penn had violated the conditions of his probation by illegally possessing cocaine base, a controlled substance. At a hearing before the district court on February 1, 1993, Penn admitted his illegal possession of a controlled substance.

Based upon Penn's admission, the district court made a factual finding that Penn possessed a controlled substance for the purpose of use rather than distribution, which would expose him to incarceration for a range of 3 to 9 months according to the revocation table in § 7B1.4(a) of the Sentencing Guidelines. At that point, the government responded that it believed 18 U.S.C. § 3565(a) required the district court to sentence Penn to 12 months imprisonment, because that was one-third of his term of 3 years probation. Penn asserted that the "one-third" language in 18 U.S.C. § 3565(a) referred to one-third of Penn's original Guidelines range of 6 to 12 months and not one third of his term of probation. The district court ordered both sides to submit briefs on this issue and continued the matter.

On February 16, 1993, Penn appeared before the district court for disposition. The district court construed the term "original sentence" to mean the three years of probation it imposed on Penn on January 3, 1991, and thus sentenced Penn to "not less than one-third" of three years, or at least twelve

months. Penn noted his objection. The district court then sentenced Penn to 12 months incarceration. On appeal, Penn argues that "original sentence" as used in § 3565(a) refers to the sentence of imprisonment available at the time of his initial sentencing. We agree with Penn, and therefore vacate the judgment and remand for resentencing.

## II.

Revocation of probation is controlled by 18 U.S.C. § 3565, which provides as follows:

(a) Continuation or Revocation.—If the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may, after a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, and after considering the factors set forth in section 3553(a) to the extent they are applicable—

(1) continue him on probation, with or without extending the term or modifying or enlarging the conditions; or

(2) revoke the sentence of probation and impose any other sentence that was available under subchapter A at the time of the initial sentencing.

Notwithstanding any other provision of this section, if a defendant is found by the court to be in possession of a controlled substance, thereby violating the condition imposed by section 3563(a)(3), the court shall revoke the sentence of probation and *sentence the defendant to not less than one-third of the original sentence.*

(Emphasis added.) Penn was sentenced under the last part of § 3565(a), which Congress added as part of the Anti–Drug Abuse Act of 1988, Pub.L. No. 100–690, § 7303(a)(2), 102 Stat. 4181, 4464 (1988) (codified at 18 U.S.C. § 3565(a)) [hereinafter the "1988 Amendment"].

The meaning of the term "original sentence" as used in § 3565 is a question of first impression in this circuit. The eight circuits that have considered this issue have reached opposite conclusions. Three circuits have held that "original sentence" refers to the term of probation to which the defendant was sentenced. *United States v. Sosa,* 997 F.2d 1130 (5th Cir.1993); *United States v. Byrkett,* 961 F.2d 1399 (8th Cir.1992); *United States v. Corpuz,* 953 F.2d 526 (9th Cir.1992). Five circuits have interpreted "original sentence" to mean the sentence the defendant could have received when initially sentenced. *United States v. Alese,* 6 F.3d 85 (2d Cir. 1993); *United States v. Diaz,* 989 F.2d 391 (10th Cir.1993); *United States v. Clay,* 982 F.2d 959·(6th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1386, 128 L.Ed.2d 60 (1994); *United States v. Granderson,* 969 F.2d 980 (11th Cir.1992), *cert. granted,* —— U.S. ——, 113 S.Ct. 3033, 125 L.Ed.2d 721 (1993); *United States v. Gordon,* 961 F.2d 426 (3d Cir.1992).

The 1988 Amendment was first interpreted by the Ninth Circuit in *United States v. Corpuz,* 953 F.2d 526 (9th Cir.1991). In *Corpuz,* the defendant pled guilty to counterfeiting, a crime with a suggested Guidelines range of 1 to 7 months imprisonment. Instead the defendant was sentenced to 3 years probation, which was subsequently revoked when he was found in possession of drugs. Relying on the 1988 Amendment, the Ninth Circuit affirmed the district court's reasoning that the original sentence language referred to the sentence actually imposed, and not to the available imprisonment range under the Guidelines.

To resolve the conflict between the 1988 Amendment and § 3565(a)(2), which immediately precedes it, that court found significance in the 1988 Amendment's phrase "[n]otwithstanding any other provision in this section," and noted that the 1988 Amendment thus applies and takes precedence over the rules of § 3565(a)(2) when the possession of a controlled substance is involved. The Ninth Circuit does not appear to have been troubled by the conversion of time served on probation to time served in prison. As it observed, the phrase "original sentence" logically includes a term of probation because, under the Sentencing Reform Act of 1984, " 'probation is a type of sentence.' " *Corpuz,* 953 F.2d at 528–529 (quoting S.Rep. No. 225, 98th Cong., 2d Sess. 88 (1983) U.S.Code Cong. & Admin.News 1984, 3182, 3271).

Other circuits, however, have taken issue both with the Ninth Circuit's statutory interpretation and its attempts at "legal alchemy."

*Gordon*, 961 F.2d at 432. While the government in the instant case correctly argues that probation is a sentence under the Sentencing Reform Act of 1984, a sentence of probation does not equate to a sentence of incarceration. *See Granderson*, 969 F.2d at 984 ("Probation and imprisonment are not fungible."); *Gordon*, 961 F.2d at 432–33 ("Although both are forms of punishment, their characteristics and objectives are different.... [O]ne-third of three years probation is one year *probation*, not one year *imprisonment*.").

Given [the] traditional understanding of probation, the onus was on Congress to make it absolutely clear where "sentence" is to refer to a "sentence of probation," by including the appropriate modifying prepositional phrase or by making the meaning absolutely clear from the context.

*Clay*, 982 F.2d at 962. Without this additional clarification, the term "original sentence" should be given its traditional meaning of a sentence of imprisonment, which in this case would refer to the original Sentencing Guidelines imprisonment range.

Furthermore, possession of cocaine provided the reason for revoking Penn's probation, but it is not the crime for which Penn is now incarcerated. In its policy statements concerning revocation of probation, the Sentencing Commission established that resentencing for violations of probation would sanction primarily the "defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." United States Sentencing Guidelines, Chapter 7, Pt. A, 3(b). The Guidelines explicitly reject the alternative theory of resentencing violators for the particular conduct triggering the revocation "as if that conduct were being sentenced as new federal criminal conduct." *Id.*

Moreover, in interpreting a statute, it is a "fundamental rule of statutory construction that all parts of a statute must be read together." *Gordon*, 961 F.2d at 431. Therefore, the 1988 Amendment should be read together with §§ 3565(a)(1) and (a)(2), which

immediately precede it. Under §§ 3565(a)(1) and (a)(2), the district court has the discretion to continue a defendant on probation, extend the term of probation, *or* revoke the probation and impose *any* sentence that was available at the initial time of sentencing. In contrast, in the 1988 Amendment, "Congress emphatically narrowed the court's sentencing discretion by requiring that a *minimum* sentence of one-third of the original sentence be imposed." *Diaz*, 989 F.2d at 392. The 1988 Amendment thus "establishes a 'floor' below which the district court cannot resentence despite section 3565(a)(2) otherwise allowing the imposition of *any* sentence within the original sentencing range." *Gordon*, 961 F.2d at 431 (emphasis in original). It is still within the discretion of the district court, therefore, to sentence Penn to 12 months incarceration, but 12 months is the "ceiling" of the sentencing range rather than the "floor." The "floor" is one-third of the initial maximum 12 month sentence of incarceration, which is 4 months of incarceration. Under the district court's interpretation, a probation period of three years would translate into a "ceiling" of three years incarceration. We do not believe that Congress could possibly have intended to give the district court the discretion to *triple* a defendant's sentence for violating probation.

In *United States v. Alli*, 929 F.2d 995 (4th Cir.1991), we considered and rejected the possibility that a defendant could be sentenced to a term of incarceration in excess of the guideline range applicable to the defendant at the time of his initial sentencing. We held in *Alli* that when a defendant's probation is revoked, resentencing is limited to the sentence that was available at the time the underlying offense was committed. The defendant in *Alli* was subject to 6 to 12 months imprisonment for the initial offense, and the district court imposed three years probation. When cited for probation violations, the defendant submitted urine samples showing traces of cocaine. The district court, applying § 3565(a)(2),* revoked probation and sentenced the defendant to 15 months imprisonment. We reversed and held that the sen-

---

* It is interesting to note that the district court judge had the discretion to find the defendant Alli guilty of possession of a controlled substance and avail himself of the 1988 Amendment. The

Sentencing Guidelines leave to the district court the determination of whether evidence of drug usage established solely by laboratory analysis constitutes "possession of a controlled sub-

tence of incarceration for probation violation could not exceed the recommended term under the Guidelines for the original offense. *Id.* at 998.

Although the 1988 Amendment was not at issue in *Alli*, the case nonetheless bolsters our position on this issue. The length of Penn's "original sentence" is therefore circumscribed by the Sentencing Guidelines range available at the time Penn initially was sentenced to probation. However, because Penn's original guideline range was 6 to 12 months, a resentencing of 12 months imprisonment would still be within the district court's revocation sentencing range, assuming that the district court chooses to sentence Penn to greater than "one-third of the original sentence" or the full "original sentence."

█ For the foregoing reasons we conclude that the most reasonable interpretation of § 3565(a) is that a person found to have committed a narcotics related violation is to be resentenced to a term of incarceration that is at least one-third but does not exceed the maximum prison term to which the person originally could have been sentenced. This interpretation accords with the Supreme Court's enunciation of the policy of lenity in *Bifulco v. United States*, 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980).

> When interpreting ambiguous criminal statutes, the rule of lenity comes into play: We "will not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended".

*Granderson*, 969 F.2d at 983 (*quoting Bifulco*, 447 U.S. at 387, 100 S.Ct. at 2252). We therefore vacate the judgment of the district court and remand the case to permit the district court to resentence Penn for violation of his probation to a term of incarceration not less than four months and not in excess of 12 months.

*VACATED AND REMANDED.*

stance" as set forth in the statutes. U.S.S.G. § 7B1.4, application note 5. The district court did not make such determination of fact, however, and instead elected to proceed under the general probation violation provision in subsection (a)(2).