**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robert W. DENARD, a/k/a Scotia,**
**Defendant–Appellant.**

**No. 93–5574.**

United States Court of Appeals,
Fourth Circuit.

Argued March 11, 1994.

Decided May 16, 1994.

**ARGUED:** C. Cooper Fulton, Asst. Federal Public Defender, Charleston, WV, for appellant. Michael Lee Keller, Asst. U.S. Atty., Charleston, WV, for appellee.

**ON BRIEF:** Hunt L. Charach, Federal Public Defender, Charleston, WV, for appellant. Charles T. Miller, U.S. Atty., Charleston, WV, for appellee.

Before WILKINSON and WILLIAMS, Circuit Judges, and BRINKEMA, United States District Judge for the Eastern District of Virginia, sitting by designation.

## OPINION

WILLIAMS, Circuit Judge:

This appeal involves 18 U.S.C.A. § 3565(a) (West 1985 & Supp.1994), which provides that when a probationer is found in possession of a controlled substance, "the court shall revoke the sentence of probation and sentence the defendant to not less than one-third of the original sentence." In light of recent Fourth Circuit and Supreme Court precedent, decided subsequent to the filing of this appeal, we vacate the judgment of the district court and remand for sentencing consistent with this opinion.

### I.

Robert Denard was indicted on one count of conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846 (1988); one count of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) (1988); and one count of distribution of cocaine base within 1000 feet of a public college in violation of 21 U.S.C.A. §§ 841(a)(1), 860 (West 1981 & Supp.1994). Pursuant to a plea agreement in which the United States agreed to dismiss the other two counts, Denard pled guilty to one count of conspiracy to distribute cocaine base.

At the sentencing hearing, the district court found that Denard's total offense level was fourteen, that his criminal history level was I, and that the applicable sentencing

range was fifteen to twenty-one months imprisonment followed by three to five years of supervised release. The United States then filed a motion for downward departure based on substantial assistance. Pursuant to the Government's motion, the district court sentenced Denard to three years of probation, and required that he perform ten hours of community service work per month. Approximately one and one-half years after Denard was sentenced, his probation officer filed a Petition on Probation alleging that Denard had violated the terms of his probation by failing to satisfy his community service requirement and by testing positive for cocaine on six occasions. At the probation revocation hearing, the district court sentenced Denard to a term of imprisonment of fifteen months and three years supervised release. Denard appeals his sentence.

## II.

Revocation of probation is controlled by 18 U.S.C.A.§ 3565(a) (West 1985 & Supp.1994), which provides as follows:

(a) **Continuation or revocation.**—If the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may, after a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, and after considering the factors set forth in section 3553(a) to the extent they are applicable—

(1) continue him on probation, with or without extending the term or modifying or enlarging the conditions; or

(2) revoke the sentence of probation and impose any other sentence that was available under subchapter A at the time of the initial sentencing.

*Notwithstanding any other provision of this section, if a defendant is found by the court to be in possession of a controlled substance, thereby violating the condition imposed by section 3563(a)(3), the court shall revoke the sentence of probation and sentence the defendant to not less than one-third of the original sentence.*

(Emphasis added.)

At the probation revocation hearing, the district court found that Denard had possessed a controlled substance for the purpose of use, a Class C violation, which when cou-

pled with criminal history category I, would expose him to a sentencing range of three to nine months according to the revocation table in § 7B1.4(a) of the Sentencing Guidelines. However, the court reasoned that it was required to sentence Denard to at least twelve months imprisonment because § 3565(a) dictated a sentence of "not less than one-third of the original sentence." The court concluded that the three year probation term constituted the "original sentence." The court then determined, pursuant to § 7B1.4 of the Sentencing Guidelines, that because Denard's probation sentence was the result of a downward departure, an upward departure was now due. Accordingly, the court sentenced Denard to an imprisonment term of fifteen months, with three years of supervised release.

■ Denard first argues that the phrase "original sentence" refers to his original Guideline range of fifteen to twenty-one months, and not his three-year term of probation. We agree. The question of whether "original sentence" referred to the span of probation or the Guideline range available at the time of the initial sentencing, even though a sentence within the range was not imposed, was the subject of a circuit split, with this court recently holding that "original sentence" means the original Sentencing Guideline imprisonment range. *United States v. Penn,* 17 F.3d 70 (4th Cir.1994). *Penn* was decided subsequent to the filing of this appeal, and at oral argument both parties conceded that *Penn* applied to this case. Moreover, since this case was argued, the Supreme Court has endorsed the view articulated in *Penn.*

In *United States v. Granderson,* —— U.S. ——, —— – ——, 114 S.Ct. 1259, 1267–68, 127 L.Ed.2d 611 (1994), the Court reasoned that because the text, structure, and history of § 3565(a) is ambiguous, the rule of lenity applies. Thus, the Court held that "original sentence" refers to the applicable Sentencing Guideline range available at the original sentencing. Because these Guideline ranges tend to be relatively low, to avoid a situation in which no prison sentence would be given, the Court held that when determining one-third of the original sentence, the court should look at the maximum sentence originally applicable under the Guidelines. *Id.* at

————, 114 S.Ct. at 1267–68. Applying *Granderson* here, Denard is correct in asserting that the district court incorrectly determined that§ 3565(a) required a sentence of at least twelve months imprisonment. Because Denard was initially exposed to a Guideline range of fifteen to twenty-one months, upon revocation of probation, the district court was required to sentence him to a term of imprisonment of at least one-third of twenty-one months (or seven months).

■ Denard further asserts that the district court is required to sentence him consistent with the probation revocation tables in § 7B1.4(a) of the Sentencing Guidelines. According to the appropriate revocation table, Denard should be sentenced to three to nine months incarceration. Denard argues that although his minimum sentence is dictated by § 3565(a) to be seven months, the court should look to the probation revocation tables to determine a maximum revocation sentence of nine months. He argues that to sentence him to more than nine months would require an upward departure, which he asserts is unwarranted. Indeed, the district court in sentencing Denard to fifteen months stated that it was departing upward pursuant to application note 4 of § 7B1.4 of the Sentencing Guidelines, which states: "[w]here the original sentence was the result of a downward departure ... an upward departure may be warranted."

■ The Supreme Court in *Granderson* resolved the ambiguity with regard to both the minimum and the maximum revocation sentence when applying § 3565(a). The Court held that the minimum revocation sentence is one-third of the maximum sentence originally applicable under the Guidelines, and the maximum revocation sentence is the Guidelines maximum, which in Denard's case is twenty-one months. *Granderson*, at ————, 114 S.Ct. at 1268–69. Therefore, the district court does not need to depart upward to sentence Denard to incarceration of up to twenty-one months. Although this rule may produce results inconsistent with the probation revocation tables in § 7B1.4, the tables in Chapter 7 are policy statements, which are not binding on the courts. *See* United States Sentencing Commission, *Guidelines Manual*, Ch. 7, Pt. A(1), intro. comment. (Nov.1993) (indicating that the policy statements of Chapter 7 are intended to provide guidance to the district courts); *see also United States v. Blackston*, 940 F.2d 877, 893 (3d Cir.) (policy statements of Chapter 7 are merely advisory and are not binding on the district courts), *cert. denied*, —— U.S. ——, 112 S.Ct. 611, 116 L.Ed.2d 634 (1991).* Thus, district courts are free to consider the suggested ranges in the probation revocation tables, but are not bound to impose a sentence within that range.

### III.

Accordingly, we vacate the judgment of the district court and remand the case for resentencing consistent with this opinion.

*VACATED AND REMANDED.*

---

* We limit our discussion to the policy statements contained in Chapter 7, realizing that in some contexts, policy statements are binding on the district courts. *See, e.g., Williams v. United States*, —— U.S. ——, ——, 112 S.Ct. 1112, 1119, 117 L.Ed.2d 341 (1992) ("[w]here ... a policy statement prohibits a district court from taking a specified action, the statement is an authoritative guide to the meaning of the applicable guideline").