48 F.3d 1218
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Nina Devone PENNY, Defendant-Appellant.
 No. 94-5559.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 7, 1995.
Decided March 7, 1995.
 
 G. Alan DuBois, Assistant Federal Public Defender, Raleigh, NC, for Appellant.
 Janice McKenzie Cole, United States Attorney, Christine B. Hamilton, Assistant United States Attorney, Raleigh, NC, for Appellee.
 Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Appellant, Nina Penny, appeals the district court's order revoking her probation and sentencing her to eighteen months of incarceration. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Counsel would argue that the district court improperly departed upwardly from the revocation guideline range but recognizes that this Court's precedent obviates the need for a departure. Penny did not file a supplemental brief. Finding no error, we affirm.
 
 
 2
 Penny's guideline range at the time of her initial sentencing was twenty-one to twenty-seven months. The district court departed downwardly at the original sentencing and imposed a probationary sentence. A sentence of eighteen months for the probation violation falls below the maximum of the original guideline range and therefore is not the result of an upward departure even though it exceeds the range determined under the probation revocation table in United States Sentencing Commission, Guidelines Manual, Sec. 7B1.4 (Nov.1993). United States v. Denard, 24 F.3d 599, 602 (4th Cir.1994). The probation revocation tables are policy statements which are not binding on the court. Id. Thus, the district court could consider the range specified in the revocation tables, but was free to impose a sentence up to the maximum allowed under the guideline range determined at the initial sentencing. Id.
 
 
 3
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. This Court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.
 
 
 4
 AFFIRMED.