78 F.3d 580
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Loretha Annette FORTUNE, Defendant-Appellant.
 No. 94-5914.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 31, 1995.
Decided Feb. 28, 1996.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., District Judge. (CR-90-27-G)
 ARGUED: William Stimson Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Richard Stanley Glaser, Jr., Assistant United States Attorney/Chief, Criminal Division, Greensboro, North Carolina, for Appellee. ON BRIEF: William E. Martin, Federal Public Defender, Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Shannon Joseph, Third-Year Law Student, Wake Forest University, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 REMANDED.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 After accepting a guilty plea, the United States District Court for the Middle District of North Carolina convicted appellant Loretha Annette Fortune ("Fortune") of possession with intent to distribute crack cocaine and sentenced her to 5 years of probation. Four years later, the district court found her guilty of violating her probation and sentenced her to 30 months of imprisonment to run consecutively with a state sentence for common law robbery pursuant to the United States Sentencing Guidelines ("U.S.S.G.") § 7B1.3(f).[1] Fortune has appealed the district court's decision to impose her sentence as running consecutively. The sole issue on appeal is whether the district judge understood that U.S.S.G. § 7B1.3(f)'s dictate that the sentence run consecutively was discretionary and not mandatory.
 
 I.
 
 2
 While Fortune was on probation, the State of North Carolina arrested her for robbery with a dangerous weapon, embezzlement, and larceny of a motor vehicle. After she failed to appear in Guilford County Superior Court on July 18, 1994 for the disposition of those matters, the state re-arrested her on August 3, 1994. Fortune pled guilty to common law robbery and the rest of the charges were dismissed. The North Carolina court sentenced her to five years in prison.
 
 
 3
 At her federal probation revocation hearing, Fortune admitted that she committed robbery (although she contended without a weapon) and embezzlement, and that she failed to appear at the North Carolina Superior Court. The district judge sentenced her to 30 months of imprisonment to run consecutively with her state sentence and four years of supervised release for her probation violations.
 
 II.
 
 4
 Chapter Seven of the Sentencing Guidelines addresses violations of probation and supervised release. Unlike other chapters in the Sentencing Guidelines, Chapter Seven is a policy statement and is merely advisory. United States v. Denard, 24 F.3d 599, 602 (4th Cir.1994); United States v. Sparks, 19 F.3d 1099, 1101 n. 3 (6th Cir.1994).[2] Thus, while Chapter Seven's policy statements must be considered when revoking a probation, they are nevertheless discretionary. Fortune has contended that the district judge was under the mistaken impression that U.S.S.G. § 7B1.3(f) was mandatory when he ruled that her 30-month sentence would run consecutively with her state sentence.[3]
 
 
 5
 The record leaves us in some doubt as to whether the district judge imposed the sentence believing it was mandatory or whether he believed he was exercising his discretion. While it may be argued that the transcript read as a whole suggests that the district judge understood the discretionary nature of Chapter Seven, the matter remains unclear in a precise sense to us and can best be resolved by asking the district judge to clarify his understanding of U.S.S.G. § 7B1.3(f).
 
 
 6
 We therefore remand the sentence so that clarification can be provided.
 
 
 7
 REMANDED.
 
 
 
 [1]
 Section 7B1.3(f) provides:
 Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.
 
 
 [2]
 We limit our holding on policy statements' advisory nature to Chapter Seven of the Sentencing Guidelines. Denard, 24 F.3d at 602
 
 
 [3]
 18 U.S.C. § 3584(a) (1988) also gives the district judge discretion to order a concurrent or consecutive sentence