**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                  No. 94-5914

LORETHA ANNETTE FORTUNE,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
N. Carlton Tilley, Jr., District Judge.
(CR-90-27-G)

Argued: October 31, 1995

Decided: February 28, 1996

Before MURNAGHAN and NIEMEYER, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** William Stimson Trivette, Assistant Federal Public
Defender, Greensboro, North Carolina, for Appellant. Richard Stan-
ley Glaser, Jr., Assistant United States Attorney/Chief, Criminal Divi-
sion, Greensboro, North Carolina, for Appellee. **ON BRIEF:**
William E. Martin, Federal Public Defender, Greensboro, North Car-
olina, for Appellant. Walter C. Holton, Jr., United States Attorney,
Shannon Joseph, Third-Year Law Student, Wake Forest University,
Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

After accepting a guilty plea, the United States District Court for
the Middle District of North Carolina convicted appellant Loretha
Annette Fortune ("Fortune") of possession with intent to distribute
crack cocaine and sentenced her to 5 years of probation. Four years
later, the district court found her guilty of violating her probation and
sentenced her to 30 months of imprisonment to run consecutively
with a state sentence for common law robbery pursuant to the United
States Sentencing Guidelines ("U.S.S.G.")§ 7B1.3(f).[1] Fortune has
appealed the district court's decision to impose her sentence as run-
ning consecutively. The sole issue on appeal is whether the district
judge understood that U.S.S.G. § 7B1.3(f)'s dictate that the sentence
run consecutively was discretionary and not mandatory.

I.

While Fortune was on probation, the State of North Carolina
arrested her for robbery with a dangerous weapon, embezzlement, and
larceny of a motor vehicle. After she failed to appear in Guilford
County Superior Court on July 18, 1994 for the disposition of those
matters, the state re-arrested her on August 3, 1994. Fortune pled
guilty to common law robbery and the rest of the charges were dis-
missed. The North Carolina court sentenced her to five years in
prison.

_____

[1] Section 7B1.3(f) provides:

> Any term of imprisonment imposed upon the revocation of pro-
> bation or supervised release shall be ordered to be served consec-
> utively to any sentence of imprisonment that the defendant is
> serving, whether or not the sentence of imprisonment being
> served resulted from the conduct that is the basis of the revoca-
> tion of probation or supervised release.

2

At her federal probation revocation hearing, Fortune admitted that she committed robbery (although she contended without a weapon) and embezzlement, and that she failed to appear at the North Carolina Superior Court. The district judge sentenced her to 30 months of imprisonment to run consecutively with her state sentence and four years of supervised release for her probation violations.

II.

Chapter Seven of the Sentencing Guidelines addresses violations of probation and supervised release. Unlike other chapters in the Sentencing Guidelines, Chapter Seven is a policy statement and is merely advisory. United States v. Denard, 24 F.3d 599, 602 (4th Cir. 1994); United States v. Sparks, 19 F.3d 1099, 1101 n.3 (6th Cir. 1994).[2] Thus, while Chapter Seven's policy statements must be considered when revoking a probation, they are nevertheless discretionary. Fortune has contended that the district judge was under the mistaken impression that U.S.S.G. § 7B1.3(f) was mandatory when he ruled that her 30-month sentence would run consecutively with her state sentence.[3]

The record leaves us in some doubt as to whether the district judge imposed the sentence believing it was mandatory or whether he believed he was exercising his discretion. While it may be argued that the transcript read as a whole suggests that the district judge understood the discretionary nature of Chapter Seven, the matter remains unclear in a precise sense to us and can best be resolved by asking the district judge to clarify his understanding of U.S.S.G. § 7B1.3(f).

_____

[2] We limit our holding on policy statements' advisory nature to Chapter Seven of the Sentencing Guidelines. Denard, 24 F.3d at 602.
[3] 18 U.S.C. § 3584(a) (1988) also gives the district judge discretion to order a concurrent or consecutive sentence.

We therefore remand the sentence so that clarification can be provided.

<u>REMANDED</u>

4