**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4877

CARL A. WARD,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca B. Smith, District Judge.
(CR-92-88-N)

Submitted: September 23, 1997

Decided: October 17, 1997

Before HALL, MURNAGHAN, and NIEMEYER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stanley E. Sacks, SACKS & SACKS, Norfolk, Virginia, for Appel-
lant. Helen F. Fahey, United States Attorney, Robert E. Bradenham
II, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Carl A. Ward appeals from the district court's order revoking his supervised release and sentencing him to sixty months imprisonment. Ward's counsel filed a formal brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he certified that there were no meritorious issues for appeal. Nonetheless, he presents one issue: whether the district court erred in finding Ward guilty of violating the conditions of his supervised release and sentencing him to sixty months imprisonment. Ward also has filed a pro se supplemental brief raising several issues. For the following reasons, we affirm.

Ward was convicted of conspiring to distribute in excess of five kilograms of cocaine and in excess of fifty grams of crack cocaine in violation of 21 U.S.C. § 846 (1994). His sentence included five years of supervised release. Ward subsequently appeared before the district court for a supervised release revocation hearing. The revocation petition alleged that during his term of supervised release, Ward committed numerous violations of his supervised release conditions and failed to respond to substance abuse treatment for his drug addiction. Specifically, the petition alleged, and Ward stipulated, that he had violated the conditions of his supervised release by using marijuana on four occasions, failing to satisfactorily participate in drug treatment as directed by his probation officer, failing to report to his probation officer as directed, failing to submit a truthful monthly supervision report to his probation officer, and failing to submit written monthly reports as directed. The addendum to the petition alleged that Ward had violated his supervised released conditions by committing a crime. At the revocation hearing, the court stated that it would not consider the addendum "in any regard," and that the addendum would not play any part in the court's decision. The court found that Ward had violated the conditions of his supervised release. The court revoked his supervised release and sentenced him to sixty months imprisonment.

On appeal, Ward claims that in view of his reasons for not complying with the conditions of his supervised release, the court's finding that he had violated those conditions was not supported by the evi-

2

dence. At the revocation hearing, Ward testified that he did not appear for counseling and drug testing as required because he could not find employment and he knew he was going to be reported for violating his supervised release conditions. In essence, he explained that he did not willingly or voluntarily violate the conditions of his supervised release but exercised poor judgment in failing to report as ordered because of his fear of being charged with violating his supervised release conditions. He further testified that although he tested positive for marijuana use, he was not smoking marijuana"the whole time." He stated that he guessed that it must have just"stayed in [his] system" because "the test came up [positive] four times in less than 30 days."

The district court had only to find by a preponderance of the evidence that Ward violated a condition of his supervised release. See 18 U.S.C. § 3583(e)(3) (1994). This court reviews that determination for an abuse of discretion. See United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). Ward admits that he violated the terms of his supervised release. Furthermore, § 3583(e)(3) provides that a defendant whose term of supervised release is revoked may be required to serve no more than five years imprisonment if the offense that resulted in the term of supervised release is a class A felony, which includes Ward's offense. See 18 U.S.C. § 3559(a)(1) (1994); 21 U.S.C. § 846 (1994). Thus, the court sentenced him within the statutory range. Id.

Ward's sentencing guideline range for violating his supervised release conditions is four to ten months, reflecting a Grade C violation and a Criminal History Category II. U.S. Sentencing Guidelines Manual § 7B1.4, p.s. (1995). In his pro se supplemental brief, Ward alleges that the court erred by not sentencing him within that range. In connection with revocation of supervised release, however, the guidelines are advisory only and the district court is not bound to impose a sentence within the range. See United States v. Davis, 53 F.3d 638 (4th Cir. 1995). Moreover, a sentence of imprisonment imposed upon revocation of supervised release which is above the guideline range is not a departure, and therefore, the rules governing guideline departures are inapplicable. See United States v. Denard, 24 F.3d 599, 602 (4th Cir. 1994). The district judge stated that she had given Ward "so many breaks" and she was not going to give "him any more breaks." Thus, the district court did not abuse its discretion in

3

revoking Ward's supervised release and sentencing him to sixty months imprisonment. See Copley, 978 F.2d at 831.

Ward next contends that the district court erred by bringing up information irrelevant to his supervised release hearing, such as the status and actions of his co-defendants, consisting of some family members. He also claims that the court erred by assuming he was still involved in the distribution of drugs. However, we find that the district court did not abuse its discretion in sentencing Ward. See id. Lastly, Ward makes a conclusory claim that he was not credited with the six-month reduction in his initial sentence. He does not provide any information in support of this claim. Moreover, Ward has waived this claim because he did not raise it below and our refusal to consider the claim would not result in a miscarriage of justice. See National Wildlife Fed'n v. Hanson, 859 F.2d 313, 318 (4th Cir. 1988).

Accordingly, we affirm the district court's order revoking Ward's supervised release and sentencing him to sixty months imprisonment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on his client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

4