**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                No. 97-4812

GENARDO LAMONTE FLACK,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
N. Carlton Tilley, Jr., District Judge.
(CR-89-48-G)

Submitted: May 12, 1998

Decided: June 22, 1998

Before WILKINS and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, William S. Trivette,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Walter C. Holton, Jr., United States Attorney, Benjamin H.
White, Jr., Assistant United States Attorney, Greensboro, North Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Genardo Lamonte Flack appeals the district court's order revoking his supervised release and imposing a twenty-four month term of imprisonment. Flack contends that the district court erred in finding that he violated the conditions of supervised release and erred in imposing a sentence above the recommended guideline range. Flack has moved to file a pro se supplemental brief, in which he alleges that counsel was ineffective and that the district court erred in failing to give notice of the court's intention to depart from the applicable guideline range. Although we grant Flack's motion to file a pro se brief, we affirm.

Flack began serving his five-year term of supervised release in February 1994. After a hearing, the district court found that Flack had violated the conditions of his supervised release by possessing cocaine and marijuana, a Class B felony. The district court further found that Flack had willfully falsified testimony about possessing the narcotics at the revocation hearing. The applicable guideline range for a Class B felony for a defendant with a criminal history category of III is eight to fourteen months imprisonment. U.S. Sentencing Guidelines Manual § 7B1.4 (1995). The court noted that because Flack's original term of imprisonment was a result of a downward departure, an upward departure was permissible, and, in this case, appropriate. At the revocation hearing, Flack's attorney agreed that the court had authority to impose a sentence within the applicable guideline range or upwardly depart. The district court revoked Flack's supervised release and sentenced Flack to twenty-four months imprisonment.

This court reviews the district court's decision to revoke a defendant's supervised release for an abuse of discretion. See United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). The district court had only to find a violation of a condition of Flack's supervised release

2

by a preponderance of the evidence. See id.; 18 U.S.C. § 3583(e)(3) (1994). Revocation of supervised release is mandatory if the defendant unlawfully possesses a controlled substance. See 18 U.S.C.A. § 3583(d), (g) (West 1985 & Supp. 1998).

At the revocation hearing, Flack admitted that he pleaded guilty and was convicted in state court of possession of cocaine. On appeal, Flack contends that his conviction was based on an Alford* plea and that he did not possess the cocaine he was convicted of possessing. Flack concedes, however, that courts are permitted to revoke a term of supervised release based upon a conviction, even when the validity of the conviction is contested. Flack contends that the district court failed to give adequate weight to his compelling testimony that he did not possess the cocaine, despite his state court conviction.

We find that the district court's revocation of Flack's supervised release was not an abuse of discretion. The statute provides that revocation is mandatory upon conviction for possession of a controlled substance, and the statute does not distinguish between a conviction based on an Alford plea and any other type of conviction. See 18 U.S.C.A. § 3583(g). Further, the district court found that Flack's testimony disputing his possession of the cocaine was not credible, and such findings are unreviewable on appeal. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

Flack also contends that the district court erred in imposing a sentence above the applicable guideline range. Flack asserts that the district court erred in finding that he knowingly and willfully falsified testimony at the revocation hearing. Flack conceded that, although the sentence was above the recommended guideline range, it was well within the statutory maximum.

Because Flack made no objection to a sentence outside the recommended guideline range in the district court, we review for plain error. See Fed. R. Crim. P. 52(b). A defendant is entitled to relief under Rule 52(b) if there was an error, which was plain, which prejudiced him in some way, and which "`seriously affect[s] the fairness,

_____

*North Carolina v. Alford, 400 U.S. 25 (1970).

3

integrity, or public reputation of judicial proceedings.'" <u>United States v. Olano</u>, 507 U.S. 725, 732-36 (1993) (quoting <u>United States v. Young</u>, 470 U.S. 1, 15 (1985)). Chapter 7 policy statements "are now and have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." <u>United States v. Davis</u>, 53 F.3d 638, 642 (4th Cir. 1995).

Because the supervised release revocation tables are policy statements which are not binding on the court, the district court could consider the range specified in the revocation tables, but was free to impose a sentence up to the maximum allowed under the guideline range determined at the initial sentencing. <u>See United States v. Denard</u>, 24 F.3d 599, 601-02 (4th Cir. 1994). It is clear from the transcript that the court considered the range provided by the policy statement but imposed a higher sentence based on Flack's perjury. We conclude that the district court's imposition of a sentence in excess of the recommended range was not error, plain or otherwise.

We grant Flack's motion to file a pro se supplemental brief. We have considered the issues raised in that brief and find them to be without merit. Flack's contention that counsel was ineffective is not properly raised on direct appeal. <u>See United States v. Ford</u>, 88 F.3d 1350, 1363 (4th Cir. 1996), <u>cert. denied</u>, ___ U.S. ___, 65 U.S.L.W. 3369 (U.S. Nov. 18, 1996) (No. 96-6379); <u>United States v. DeFusco</u>, 949 F.2d 114, 120-21 (4th Cir. 1991). Flack's contention that the district court erred in failing to provide notice of its intention to depart from the applicable guideline range is similarly without merit. <u>See Davis</u>, 53 F.3d at 642 n.15 (finding that because imposition of a sentence above the recommended guideline range is not a departure, rules governing departure are inapplicable).

Accordingly, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4