UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

　　　　　*Plaintiff-Appellee,*

v.

TRON MIFFIN,

　　　　　*Defendant-Appellant.*

⎫
⎬
⎭

No. 01-4306

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CR-01-20-F)

Submitted: September 18, 2001

Decided: September 27, 2001

Before WILLIAMS and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Thomas P. McNamara, Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Jennifer May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Tron Miffin appeals his sentence imposed upon a violation of his term of supervised release from his previous conviction on various drug-related charges. Miffin was sentenced to ninety-four months' imprisonment for the underlying conviction, which sentence was reduced by the district court twice based upon Miffin's substantial assistance. Miffin ultimately was sentenced to seventy-nine months, which he served with the federal Bureau of Prisons. He challenges the district court's imposition of a sentence of sixty months' imprisonment for his admitted violation of the terms of his supervised release.

According to the undisputed facts, Miffin was released from custody on the underlying drug conviction and his term of supervised release began on June 30, 2000. On September 21, 2000, Miffin was charged with and ultimately pled guilty in state court to manufacturing cocaine, possession of up to one-half ounce of marijuana, possession of drug paraphernalia, and resisting a public officer. He was sentenced in state court to six to eight months in prison. Miffin's federal probation officer thereafter filed a motion to revoke Miffin's supervised release, based upon the state drug conviction. Miffin admitted to the charged violation, and the district court revoked Miffin's supervised release and sentenced him to sixty months in prison, the maximum sentence allowed by law.

On appeal, Miffin contends specifically that the district court abused its discretion in imposing a sixty-month imprisonment term when the applicable sentencing guidelines policy statement suggested a sentence of thirty-seven to forty-six months. He further claims that because his criminal conduct resulted in a state sentence of only six to eight months in prison, the district court's sentence based upon the same conduct was unreasonable.

This Court reviews a sentence imposed by a district court as a consequence of a supervised release violation for abuse of discretion. *United States v. Davis*, 53 F.3d 638, 642-43 (4th Cir. 1995). The sentencing ranges provided by *U.S. Sentencing Guidelines Manual* § 7B1.4, p.s., are purely advisory and do not bind the sentencing court. *Davis*, 53 F.3d at 642; *United States v. Denard*, 24 F.3d 599, 602 (4th Cir. 1994). In addition, the guidelines commentary establishes the propriety of a sentence above the recommended range where, as here, the original sentence was the result of a downward departure. USSG § 7B1.4, comment. (n.4).

We find, given that the total incarceration sentence Miffin received was within his original guideline sentencing range, and the supervised release violation was another serious drug-related event which occurred less than three months following Miffin's release from custody, the district court's imposition of a sixty-month sentence for the supervised release revocation does not constitute an abuse of discretion. Moreover, we find the fact that Miffin's federal sentence was substantially longer than his state sentence to be neither relevant nor significant.

Accordingly, we affirm Miffin's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED*