**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4315**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES WALI MUHAMMAD,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Rebecca Beach Smith, District Judge.  (CR-03-15)

Submitted:  March 18, 2005          Decided:  March 29, 2005

Before LUTTIG, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Frank W. Dunham, Jr., Federal Public Defender, Gretchen L. Taylor, Assistant Federal Public Defender, Norfolk, Virginia, for Appellant. Paul Joseph McNulty, United States Attorney, Alexandria, Virginia, Alan Mark Salsbury, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.  See Local Rule 36(c).

PER CURIAM:

James Wali Muhammad appeals from the district court's order revoking his supervised release and imposing a sentence of thirty-six months' imprisonment. Muhammad's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in her view, there are no meritorious grounds for appeal, but raising the issue of whether the court's sentence was plainly unreasonable. Muhammad was advised of his right to file a pro se supplemental brief but did not do so. We affirm.

We review an order imposing a sentence after revocation of supervised release for abuse of discretion. United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995). Muhammad admitted the charged violations; thus, a preponderance of the evidence established that he committed the supervised release violations as alleged. See 18 U.S.C.A. § 3583(e)(3) (West Supp. 2004). Counsel argues on appeal, however, that Muhammad's sentence of thirty-six months' imprisonment is plainly unreasonable.

Muhammad's conviction for bank fraud, a Class B felony, see 18 U.S.C. § 1344 (2000), exposed him to a maximum sentence of three years upon revocation of supervised release. See 18 U.S.C.A. § 3583(e)(3). Accordingly, after revoking Muhammad's supervised release, the district court was statutorily authorized to impose an active prison term of up to three years.

Although in this case the guidelines indicated a

sentencing range of twenty-one to twenty-seven months' imprisonment, as counsel concedes, the sentencing guideline range calculated under U.S. Sentencing Guidelines Manual § 7B1.4(a) (2003) is purely advisory. United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995); United States v. Denard, 24 F.3d 599, 602 (4th Cir. 1994). Because Muhammad's sentence does not exceed the statutory maximum under § 3583(e)(3), this court reviews the sentence only to determine whether it is "plainly unreasonable." 18 U.S.C. § 3742(a)(4) (2000). Upon review of the record, we conclude that Muhammad's sentence of thirty-six months' imprisonment is not plainly unreasonable.

In accordance with the requirements of Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED