**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-4971**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICKY DEAN DAWSON,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.   Robert C. Chambers, District Judge.  (CR-01-161)

———————————

Submitted:  February 18, 2005          Decided:  April 28, 2005

———————————

Before LUTTIG and WILLIAMS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Megan J. Schueler, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  Kasey Warner, United States Attorney, Larry R. Ellis, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ricky Dean Dawson appeals from the district court's order revoking his supervised release and sentencing him to six months imprisonment. We review the district court's decision to revoke a defendant's supervised release for an abuse of discretion. United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C.A. § 3583(e)(3) (West Supp. 2004). Because Dawson did not dispute the allegations presented in the petition to revoke his supervised release, we find no abuse of discretion in the district court's decision to revoke Dawson's supervised release.

Dawson argues on appeal that the district court lacked jurisdiction to impose his sentence in light of the Supreme Court's decisions in Blakely v. Washington, 124 S. Ct. 2531 (2004), and United States v. Booker, 125 S. Ct. 738 (2005). In Booker, the Supreme Court ruled that, under Blakely, the Sixth Amendment is violated when a district court, acting pursuant to the Sentencing Reform Act and the guidelines, imposes a sentence greater than the maximum guideline sentence authorized by the facts found by the jury alone. The Court concluded that, if the guidelines were advisory rather than mandatory, the failure to submit guidelines issues to a jury would not violate the Sixth Amendment. Having determined that the mandatory nature of the federal sentencing

regime was unconstitutional, the Booker Court adopted a remedial scheme that preserved the majority of the guidelines, excising only those portions mandating sentencing and appellate review in conformance with the guidelines.

Because the sentencing guideline range calculated under U.S. Sentencing Guidelines § 7B1.4(a) (2000) is purely advisory, Booker does not apply to sentences imposed upon revocation of supervised release. See United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995); United States v. Denard, 24 F.3d 599, 602 (4th Cir. 1994). Accordingly, we affirm Dawson's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED