**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4039**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MATTHEW JOHN WIGGINS,

Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Parkersburg. Joseph Robert Goodwin, District Judge. (CR-99-199)

---

Submitted: April 29, 2005                    Decided: May 19, 2005

---

Before WILLIAMS, GREGORY, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Edward H. Weis, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Stephanie L. Ojeda, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Matthew John Wiggins appeals from the district court's order revoking his supervised release and imposing a sentence of twelve months imprisonment. Wiggins' attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), addressing whether there are any meritorious issues for appeal. Although informed of his right to file a pro se supplemental brief, Wiggins has not done so.

We review the district court's decision to revoke a defendant's supervised release for an abuse of discretion. United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C.A. § 3583(e)(3) (West 2000 & Supp. 2004). Moreover, because Wiggins' sentence does not exceed the statutory maximum under § 3583(e)(3), we review the sentence only to determine whether it is "plainly unreasonable." See 18 U.S.C. § 3742(a)(4) (2000). Our review of the record discloses no abuse of discretion, and we find that Wiggins' sentence is not plainly unreasonable.

Counsel's brief addresses whether the district court abused its discretion in imposing a sentence which exceeded the guideline range in the Chapter 7 policy statements. However, the sentencing guideline range calculated under U.S. Sentencing Guidelines Manual § 7B1.4(a) (2003) is purely advisory. Davis, 53

- 2 -

F.3d at 642; <u>United States v. Denard</u>, 24 F.3d 599, 602 (4th Cir. 1994).

In accordance with the requirements of <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>