UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-5131

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES ARTHUR LEMON, a/k/a Bobby,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  James C. Fox, Senior
District Judge.  (CR-94-97)

Submitted:  June 23, 2005                Decided:  June 28, 2005

Before WIDENER, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Jane E. Pearce, Research and
Writing Attorney, Raleigh, North Carolina, for Appellant.  Frank D.
Whitney, United States Attorney, Anne M. Hayes, Christine Witcover
Dean, Assistant United States Attorney, Raleigh, North Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

James Arthur Lemon appeals his sentence imposed upon a violation of his term of supervised release from his previous conviction on drug-related charges. Lemon was ultimately sentenced to 132 months' imprisonment on the underlying conviction, after the sentence was reduced twice by the district court based upon Lemon's substantial assistance. He now challenges the district court's imposition of a sentence of thirty-six months' imprisonment for his admitted violations of the terms of his supervised release.

According to the undisputed facts, Lemon was released from custody, and his term of supervised release began on June 3, 2004. At his first visit with his probation officer, on June 7, 2004, Lemon admitted to smoking marijuana two days after he had been released from prison. Subsequent urinalysis testing revealed that Lemon had used cocaine, and Lemon admitted to being addicted to cocaine. Lemon later failed to attend treatment, failed to provide urine screens as directed, and failed to report for weekend jail confinement, ordered by the district court as a result of his violations. After the district court ordered Lemon to be placed in a community confinement center, Lemon tested positive for cocaine use, failed to report for work, and failed a breathalyzer test.

Lemon's federal probation officer thereafter filed a motion to revoke Lemon's supervised release. In addition to Lemon's admission that he had violated the rules of the community

corrections center, Lemon, by counsel, requested treatment for his crack cocaine addiction, as well as evaluation and treatment for depression.  The district court stated that it had considered the policy statement on revocation contained in Chapter Seven of the sentencing guidelines, and while the applicable guideline range called for a sentence of eight to fourteen months, it determined that Lemon's sentence should be thirty-six months' imprisonment to ensure that Lemon could receive intensive substance abuse treatment while incarcerated.  On appeal, Lemon contends that the sentence imposed by the district court was unreasonable, given the applicable sentencing guidelines policy statement.

This court reviews a sentence imposed by a district court as a consequence of a supervised release violation for abuse of discretion.  United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995).  The sentencing ranges provided by U.S. Sentencing Guidelines Manual § 7B1.4, p.s., are purely advisory and do not bind the sentencing court.  Davis, 53 F.3d at 672 (supervised release revocation proceeding); United States v. Denard, 24 F.3d 599, 602 (4th Cir. 1994) (probation revocation proceeding).  In addition, the guidelines commentary establishes the propriety of a sentence above the recommended range where, as here, the original sentence was the result of a downward departure.  USSG § 7B1.4, p.s., cmt. n.4.

We find, given that the district court here considered the guidelines prior to imposing sentence and imposed the thirty-six month sentence to ensure that Lemon could receive the intensive substance abuse treatment he clearly needed and requested, the district court's sentence does not constitute an abuse of discretion.[*]

Accordingly, we affirm Lemon's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

---

[*]We also note that the sentence Lemon received on the supervised release violation was still below his original guideline sentencing range, and the supervised release violation was based on a number of drug-related events, which began within days of Lemon's release from custody.