**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 05-4772**

─────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

STEVEN MAURICE BRITE, a/k/a Travis Louis
Thompson, a/k/a Terrance Melvin Felton,

Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk. Rebecca Beach Smith, District
Judge. (CR-99-127)

─────────

Submitted: February 28, 2006       Decided: March 14, 2006

─────────

Before WILKINSON and WILLIAMS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Jennifer T. Stanton, J.T. STANTON, P.C., Norfolk, Virginia, for
Appellant.  James Ashford Metcalfe, Assistant United States
Attorney, Norfolk, Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Steven Maurice Brite appeals the district court's order revoking his supervised release and sentencing him to twenty-four months' imprisonment. Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no non-frivolous grounds for appeal, but suggesting that the district court erred when it sentenced Brite to the full term of twenty-four-months' imprisonment for his supervised release violation. Brite was notified of his right to file a pro se supplemental brief, and was granted an extension in which to make such filing, but he has not done so.

We have reviewed the record and conclude that Brite is not entitled to relief for several reasons. First, the sentencing guidelines range calculated under U.S.Sentencing Guidelines Manual § 7B1.4(a) (2004) (calculating the guideline range for Brite's supervised release violation) is purely advisory. See United States v. Denard, 24 F.3d 599, 602 (4th Cir. 1994). Second, the twenty-four month sentence imposed by the district court is also within the statutory maximum. See 18 U.S.C. § 3583(e)(3); Johnson v. United States, 529 U.S. 694, 712 (2000) (stating "Section 3583(e)(3) limits the possible prison term to the duration of the term of supervised release originally imposed"). Finally, the court stated an appropriate factual basis for sentencing Brite to the high end of the advisory guidelines range. Brite continued to

- 2 -

violate terms of his supervised release, including drug usage, repeated failure to pay child support, failure to file required reports with his probation officer, and failure to otherwise comply with instructions of his probation officer. We therefore find that the district court did not abuse its discretion in imposing a twenty-four-month sentence. We therefore affirm the judgment of the district court. We deny counsel leave to withdraw at this time. We also deny Brite's pro se motion for substitute counsel.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>